# EXHIBIT H

**SCHEDULE 2**
**MUTUAL ARBITRATION AGREEMENT**

This Mutual Arbitration Agreement ("Agreement") is entered into between Tesla, Inc. (including its current or future parents, subsidiaries, affiliates, successors and assigns, collectively "Tesla" or the "Company"), and the undersigned employee ("Employee"). Except as provided below, Tesla and Employee (the "Parties") agree to arbitrate before a neutral arbitrator any and all existing or future disputes or claims between or among them that arise out of or relate to Employee's recruitment, employment or separation from employment with Tesla. The Parties understand and agree that the arbitration shall take place in Employee's city and state of employment with Tesla, unless the parties mutually agree on another location.

The Parties will use JAMS for arbitration, subject to the JAMS Employment Arbitration Rules and Procedures and the JAMS Policy on Employment Arbitration Minimum Standards of Procedural Fairness ("JAMS Arbitration Rules"), available at www.jamsadr.com. Tesla will provide a copy of the rules upon a request by the Employee. The Rules explain how to file a Demand for Arbitration. If the JAMS Arbitration Rules conflict with this Agreement in any way, this Agreement prevails and controls. No arbitration under this Agreement shall be subject to the JAMS Class Action Procedures. The Demand for Arbitration must be filed within the statute of limitations applicable to the claim on which arbitration is sought. The arbitrator shall have the authority to compel adequate discovery for the resolution of the dispute. The arbitrator shall issue a written arbitration decision including the arbitrator's essential findings and conclusions and a statement of the award, and the arbitrator shall have the authority to award such relief or remedies as would otherwise be permitted by law.

CLAIMS COVERED BY THIS AGREEMENT

The Parties understand and agree that the following disputes are covered by this Agreement:
- claims for wrongful termination of employment or constructive discharge, infliction of emotional distress, conversion (theft), embezzlement, defamation (libel and/or slander), and unfair business practices;
- claims for discrimination, harassment (other than sex-based harassment), retaliation, or failure to accommodate;
- claims for non-payment, incorrect or overpayment of wages, commissions, bonuses, severance, employee fringe benefits, stock options, stock grants and the like, failure to pay wages for all hours worked, failure to pay overtime, failure to pay wages due on termination, failure to provide accurate, itemized wage statements, failure to provide breaks, failure to provide required terms and conditions of employment, entitlement to waiting time penalties and/or any other claims involving wages, hours, or conditions of work; or
- claims for fraud or misrepresentation, broken promises, fraudulent inducement to enter into a contract, interference with contract or prospective economic advantage, violation of any contract, or misappropriation of trade secrets.

CLAIMS NOT COVERED BY THIS AGREEMENT

The Parties understand and agree that the following are not covered by this Agreement:
- claims for workers' compensation benefits, unemployment insurance, or state or federal disability insurance;
- claims for sexual harassment or sexual assault (except to the extent Employee elects to subject such claims to arbitration hereunder);
- claims for public injunctive relief; or
- claims that may not be subject to pre-dispute mandatory arbitration under applicable law.

Nothing in this Agreement restricts Employee from submitting a charge or complaint to the U.S. Equal Employment Opportunity Commission, the National Labor Relations Board, the federal Department of Labor, the Occupational Safety and Health Commission, the California Division of Labor Standards

Enforcement, or any other agency charged with investigating and/or adjudicating complaints. However, any dispute that is covered by this Agreement but not finally resolved by the agency must be submitted to arbitration.

Nothing in this agreement is intended to prevent either Party from obtaining injunctive relief in court to prevent irreparable harm pending the conclusion of any arbitration pursuant to this Agreement; thus, claims for temporary or emergency injunctive relief to preserve the status quo prior to and/or in aid of arbitration are permitted.

CLASS AND COLLECTIVE ACTION WAIVER

The Parties agree to arbitrate all claims covered by this Agreement only as an individual. No claim may be brought or maintained on a class or collective basis in arbitration under any circumstances.

The Parties waive any right with respect to any covered claims to submit, initiate, or participate in a class action or collective action, regardless of whether the action is filed in arbitration or in court.

The Parties further agree that the foregoing class and collective action waiver also applies to any representative actions, except to the extent prohibited by applicable law. By way of example, the waiver of a representative action claim under California's Private Attorneys General Act ("PAGA") has been held unenforceable under California law. So long as that California law remains in effect (and in particular, is not found to be preempted by the Federal Arbitration Act), then any PAGA representative action claim shall be deemed a claim that is not covered by this Agreement, and must instead only be heard in court (not arbitration) – but all other claims covered by this Agreement remain subject to arbitration, and the Parties agree that the PAGA representative action claim in court shall be stayed until the arbitration of claims covered by this Agreement is concluded, unless such a stay is contrary to applicable law. However, the Parties further agree that if the California law prohibiting the waiver of PAGA representative action claims is found to be preempted by the Federal Arbitration Act, then the Parties agree to waive the right to bring any representative PAGA claim, and any remaining individual PAGA claims (if applicable) will be deemed a claim covered by this Agreement, and must be arbitrated on an individual basis.

The arbitrator shall have no power to decide any claim on class, representative, or collective basis and shall have no power or authority to award relief, restitution, damages, or any other remedy on a class, representative, or collective basis.

Any issue concerning the validity, enforceability, or scope of this class and collective action waiver must be decided by a state or federal court.  If a court finds this waiver unenforceable, the arbitrator will have no power or authority to hear a class, representative, or collective action.

No arbitration award or decision will have any impact on issues or claims in any dispute with anyone who is not a named party to the arbitration.

FINAL AND BINDING ARBITRATION

The Parties understand and agree that the ARBITRATION OF DISPUTES AND CLAIMS UNDER THIS AGREEMENT SHALL BE INSTEAD OF A COURT TRIAL BEFORE A JUDGE AND/OR A JURY.

The Parties understand and agree that they are expressly waiving any and all rights to a trial before a judge and/or a jury regarding any disputes and claims which they now have or which they may in the future have that are subject to arbitration under this Agreement.

The Parties also understand and agree that the arbitrator's decision will be final and binding on both Tesla and Employee, subject to review on the grounds set forth in the Federal Arbitration Act ("FAA").

GOVERNING LAW

The Parties agree that Tesla is engaged in transactions involving interstate commerce.  The Parties understand and agree that this is an agreement to arbitrate under the Federal Arbitration Act and that enforceability of this Agreement will be decided in accordance with the Federal Arbitration Act.

ARBITRATOR AND ATTORNEYS' FEES

Tesla agrees to pay the fees charged by the arbitrator for the arbitration fees that exceed those which would be required if the dispute had been filed in a court of law.

Tesla and Employee shall each pay their own attorneys' fees, and the arbitrator will not have authority to award attorneys' fees unless a statute or contract at issue in the dispute authorizes the award of attorneys' fees to the prevailing party, in which case the arbitrator shall have the authority to make an award of attorneys' fees as required or permitted by applicable law.

SEVERABILITY

The Parties understand and agree that if a court or arbitrator invalidates or refuses to enforce any term or portion of this Agreement, the remainder of this Agreement shall not be affected by such invalidity or unenforceability but shall remain in full force and effect, except that if any portion of the class or collective action waiver is found invalid or unenforceable, in no event shall a court or arbitrator order arbitration on a class, representative, or collective basis. Instead, if the class or collective action waiver is found unenforceable, the class, representative, or collective claim shall be litigated in Court.

MISCELLANEOUS

This Agreement will survive the termination of Employee's employment with Tesla.

The Parties understand and agree that this Agreement contains the complete agreement between Tesla and Employee regarding the subject of arbitration of disputes. This Agreement may only be modified in a writing that is offered by one of the Parties and accepted by the other Party.

AGREEMENT AND ACCEPTANCE

By executing this Agreement (by electronic means or otherwise), the parties intend to be bound by the terms of this Agreement as of the date set forth below.

Tesla, Inc.

Elon Musk

**Accepted by:**

Signature: *Zhongjie Li*
Zhongjie Li (Aug 14, 2022 18:39 PDT)

Printed Name:  Zhongjie Li

Date:  Aug 14, 2022