
| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>JOSH KREVITT, SBN 208552<br>    jkrevitt@gibsondunn.com<br>310 University Avenue<br>Palo Alto, California 94301-1744<br>Telephone: 650.849.5300<br>Facsimile: 650.849.5333<br><br>ORIN SNYDER (admitted *pro hac vice*)<br>    osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, New York 10166-0193<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035<br><br>ANGELIQUE KAOUNIS, SBN 209833<br>    akaounis@gibsondunn.com<br>2000 Avenue of the Stars, Suite 1200N<br>Los Angeles, California 90067-4700<br>Telephone: 310.552.8500<br>Facsimile: 310.551.8741<br><br>*Attorneys for Plaintiff*<br>TESLA, INC. | TESLA, INC.<br>TERRY W. AHEARN, SBN 216543<br>    tahearn@tesla.com<br>A. LOUIS DORNY, SBN 212054<br>    ldorny@tesla.com<br>KRISTA M. CARTER, SBN 225229<br>    kricarter@tesla.com<br>3000 Hanover St.<br>Palo Alto, California 94304<br>Telephone: 408.204.7384<br><br>*Attorneys for Plaintiff*<br>TESLA, INC. |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESLA, INC., a Texas Corporation<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PROCEPTION, INC., a Delaware Corporation,<br>and ZHONGJIE "JAY" LI, an individual,<br><br>　　　　　Defendants. | CASE NO. 5:25-cv-04963-SVK<br><br>**PLAINTIFF TESLA INC.'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY**<br><br>**Hearing:**<br>Date:　Expedited hearing requested<br>Time:　10:00 AM<br>Place:　San Jose Courthouse, Courtroom 6 – 4th Floor, 280 South 1st Street, San Jose, CA 95113<br><br>Hon. Susan van Keulen |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that as soon as the matter may be heard by the Court, in the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, California, Plaintiff Tesla, Inc. ("Tesla") will, and hereby does, move this Court for expedited discovery pursuant to Federal Rule of Civil Procedure 26(d)(1).

Tesla files this motion seeking expedited discovery from Defendants to aid in the tailoring and enforcement of a preliminary injunction, or, in the alternative, take discovery in support of further requests for preliminary relief as follows (*see* Exhibits 1-6 to Tesla's attached Memorandum of Points and Authorities):

a. directing Defendants to permit Tesla's counsel and/or forensic examiner to inspect, image, and analyze any documents, computers, USB flash drives, or other electronic storage devices and accounts in Defendants' possession, custody or control that contain, or previously contained, (i) one or more of Tesla's trade secrets or confidential proprietary information, (ii) information relating to Tesla, or (iii) information relating to Defendants' development of robotics technology;

b. directing Defendants to respond to other written, oral or forensic discovery regarding Defendants' access, acquisition, use, and disclosure of Tesla's confidential information and trade secrets.

Tesla is concurrently filing with this motion an Administrative Motion to Shorten Time, so that this motion may be heard on an expedited schedule. This motion is based upon this notice of motion; the memorandum and points of authorities in support thereof; the pleadings, records, and papers on file in this action; oral argument of counsel; and any other matters of which the Court may take judicial notice.

| | |
|---|---|
| 1  DATED: June 16, 2025 | Respectfully submitted, |
| 2 | GIBSON, DUNN & CRUTCHER LLP |
| 4 | By: /s/ Josh Krevitt |
| | Josh Krevitt, Bar No. 208552 |
| 5 | JKrevitt@gibsondunn.com |
| | 310 University Avenue |
| 6 | Palo Alto, CA 94301-1744 |
| | Telephone: 650.849.5300 |
| 8 | Orin Snyder (admitted *pro hac vice*) |
| | OSnyder@gibsondunn.com |
| | 200 Park Avenue |
| 9 | New York, NY 10166-0193 |
| | Telephone: 212.351.4000 |
| 11 | Angelique Kaounis, Bar No. 209833 |
| | AKaounis@gibsondunn.com |
| | 2000 Avenue of the Stars, Suite 1200N |
| 12 | Los Angeles, CA 90067-4700 |
| | Telephone: 310.552.8500 |
| 14 | *Attorneys for Plaintiff* |
| | TESLA, INC. |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Tesla, Inc. ("Tesla") respectfully requests expedited discovery to enable Tesla and this Court to fully assess and frame the scope of relief necessary under Tesla's concurrently filed Motion for Preliminary Injunction ("PI Motion"). Tesla's PI Motion seeks to enjoin Defendants Proception, Inc. and Zhongjie "Jay" Li ("Defendants") from any continuing misappropriation and exploitation of Tesla's highly valuable trade secrets related to its humanoid robot, Optimus, in their own development and marketing of competing humanoid robot hands. Defendants' illicit conduct—centered on the unauthorized accessing, downloading and/or use of Tesla's confidential robotic hand designs, internal engineering documents, product roadmaps, and strategy documents—threatens to irreparably harm Tesla's competitive position and to devalue its intellectual property developed through years of substantial investment.

Tesla seeks expedited discovery because, although it has uncovered compelling evidence of misappropriation—such as Li's unauthorized access to or downloading of dozens of confidential Optimus files shortly before resigning to start Defendant Proception—Tesla lacks access to critical information about the scope of Defendants' *ongoing* misconduct. Given the admittedly "incredible" pace of Proception's four-month product development (Ahearn Decl. ¶ 8),[1] its public pronouncements about robotic hand capabilities that mirror Tesla's proprietary Optimus designs (*id.*), and its promised timeline for shipping the product by December 2025 (*id.*), Tesla cannot wait for discovery to commence under Rule 26's standard timeline. The remarkably short time period during which Proception purportedly developed its robotic hands, the similarities of those hands to Tesla's Optimus hands, the anticipated near-term shipment of Proception's product, and Defendants' refusal to provide any assurances regarding the preservation or return of Tesla's information all strongly counsel in favor of granting Tesla's reasonable request for limited expedited discovery to understand the full extent of misappropriation and to prevent irreparable harm.

---

[1] All declarations referenced in this motion are filed in connection with Tesla's concurrently filed Motion for Preliminary Injunction.

Tesla's requested expedited discovery is narrowly tailored to obtain essential information regarding the extent to which Defendants are using or disseminating Tesla's trade secrets. This includes limited written discovery, targeted device and data storage inspections, and focused depositions—all necessary to understand the full scope of harm and to prevent further irreparable injury.

## II.   RELEVANT BACKGROUND

Tesla is a global technology company and a pioneer in artificial intelligence, robotics, and energy solutions. Over the past several years, Tesla has made substantial investments in developing a next-generation humanoid robot internally referred to as "Optimus." The robot includes proprietary innovations in robotic tendon control, actuation, and sensing technologies. Pinto Decl. ¶ 5; Liang Decl. ¶ 6. Tesla's development of Optimus involved confidential technical specifications, design files, architecture documentation, and software code, all of which were stored on secure Tesla systems accessible only to authorized employees under strict confidentiality obligations. Pinto Decl. ¶ 5; Liang Decl. ¶¶ 6, 8-13.

Defendant Zhongjie "Jay" Li was a Tesla employee who worked on the Optimus project. In that role, Li had access to highly sensitive, non-public technical materials concerning Tesla's robotic hand designs and sensing technologies. Pinto Decl. ¶ 5; Liang Decl. ¶ 6. Shortly before resigning from Tesla in September 2024, Li accessed dozens of highly valuable Optimus documents, including confidential robotic hand designs, internal engineering documents, product roadmaps, and strategy documents, outside the scope of this work at the time. Pinto Decl. ¶ 5; Liang Decl. ¶ 6. Days later, he co-founded Proception, Inc., and within four months began marketing a robotic hand product that appears to incorporate and capitalize on Tesla's proprietary trade secrets. Pinto Decl. ¶ 6.

Of equally significant concern, Proception recently announced that "in the coming 9 months," it would make its "first shipments" of "advanced humanoid hands" "to research customers." Ahearn Decl. ¶ 10. These shipments of product to research customers—who are expected to generate "validation" and "feedback" (Ahearn Decl., Ex. I at PDF p. 3)—will further

disseminate and endanger Tesla information to the extent it is already incorporated into the Proception hands.

Expedited discovery is critical. Tesla needs to understand, at a minimum (1) how much of the information contained in the files accessed and taken by Li has been disseminated through Proception's organization, and who has access to that information; (2) whether Proception is working with vendors or other third parties that may have also gained access to Tesla's trade secrets; and (3) what steps Proception is taking (if any) to prevent further distribution of Tesla's trade secrets. Because this information is vital to protecting Tesla's trade secrets, expedited discovery in the form of sworn written responses identifying any recipients of Tesla's confidential information and trade secrets, forensic discovery, and two depositions should be granted.

### III.  THE REQUESTED DISCOVERY IS NARROWLY TAILORED

Tesla's proposed expedited discovery requests are attached to this memorandum as Exhibits 1-6 submitted in support of this Motion. Tesla seeks responses within 10 days to limited requests for production of documents and inspection of devices and interrogatories to Defendants Proception and Li. After receiving such discovery responses, Tesla also asks that it be allowed to take tailored depositions of Proception and/or Li addressing any acquisition, use, or disclosure of its trade secrets.

### IV.  THE COURT SHOULD ORDER EXPEDITED DISCOVERY

The expedited discovery sought by Tesla is narrowly tailored, reasonable, and bears directly on Tesla's pending Motion for Preliminary Injunction. Tesla seeks discovery to learn the current scope of Defendants' misconduct to prevent further harm to Tesla and its proprietary technology and investments. Good cause exists to grant this Motion for Expedited Discovery.

**A.  Legal Standard**

Pursuant to Federal Rule of Civil Procedure Rule 26(d)(1), the Court has the authority to order expedited discovery so long as "there is good cause to depart from the usual discovery process." *Citibank, N.A. v. Mitchell*, 2024 WL 4906076, at *6 (N.D. Cal. Nov. 26, 2024).

In considering whether good cause exists, courts consider "(1) whether a preliminary

injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Apple Inc. v. Samsung Elecs. Co.*, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011). "Good cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction." *Twitch Interactive, Inc. v. Johnston*, 2017 WL 1133520, at *2 (N.D. Cal. Mar. 27, 2017). Indeed, "[d]istrict courts in the Ninth Circuit regularly permit expedited discovery in cases that," as this one, "implicate claims of improper use of confidential information or trade secrets." *Citibank*, 2024 WL 4906076, at *6 (collecting cases).

### B. Good Cause Exists for Plaintiff's Requested Relief

*Factor #1.* Tesla filed its Motion for Preliminary Injunction concurrently with this Motion. The PI Motion seeks to prevent Defendants from continuing to exploit Tesla's misappropriated trade secrets in connection with further developing and marketing their competing humanoid robot products. Courts in the Northern District of California routinely grant expedited discovery when a preliminary injunction motion is pending. *See, e.g.*, *Apple*, 2011 WL 1938154, at *2 (desire to seek early injunction weighs in favor of expedited discovery). The Court's ability to fully evaluate the scope of the requested injunction—and to preserve the status quo—depends in part on Tesla's ability to gather and present evidence that is, at this point, solely in Defendants' possession.

*Factor #2.* Tesla seeks limited, focused discovery directly relevant to the preliminary injunction. Specifically, Tesla requests: (1) forensic inspection of data sources (e.g., devices, cloud and email accounts) in Defendants' possession that may contain Tesla trade secrets; and targeted (2) interrogatories, (3) document requests, and (4) depositions relating to Defendants' acquisition, use, and disclosure of Tesla's trade secrets (and correspondingly, the design and development of Proception's robotic hand technology) to ensure that the scope of any misappropriation is identified and cabined immediately. Each request is narrowly crafted to uncover the nature and scope of Defendants' alleged misappropriation and will not impose undue

burden. *See Intrepid Automation, Inc. v. 3D Sys. Corp.*, 2025 WL 712652, at *2 (S.D. Cal. Mar. 5, 2025) (expedited discovery granted in part where requests were "narrowly tailored to obtain information relevant to the determination of whether a preliminary injunction should issue") (cleaned up).

*Factor #3.* Expedited discovery is needed to prevent further harm and ensure that evidence is not destroyed or altered. Tesla has already shown that Li improperly accessed or downloaded dozens of Tesla's Optimus files shortly before he left the company. *See generally*, Motion for Preliminary Injunction, § 2, filed concurrently herewith. Since then, Proception has made public representations that strongly suggest use and dissemination of Tesla's proprietary information. *See id*. To date, despite Tesla's repeated efforts, Defendants have refused to provide information regarding what was taken, how it was used, or whether (and with whom) it was shared. *See id*. Without expedited discovery, there is a serious risk that critical evidence may be lost or overwritten, and that Tesla will suffer irreparable competitive harm.

As courts in this District have recognized, where trade secrets are at issue, early discovery is appropriate to preserve evidence and mitigate potential damage. In *Comet Technologies United States of America Inc. v. Beuerman*, the court emphasized that "[q]uickly determining what information Defendant removed from Plaintiff, and whether and how Plaintiff's information is being used by Plaintiff's competitors is essential in order to minimize any harm to Plaintiff's competitive position." 2018 WL 1990226, at *7 (N.D. Cal. Mar. 15, 2018); *see also WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 854-55 (N.D. Cal. 2019) (granting expedited discovery to guard against loss of evidence and protect plaintiff's trade secrets). The same is true here. Without limited, focused discovery, Tesla cannot access the full scope of the harm or sufficiently protect its intellectual property from further misuse.

*Factor #4.* The burden of compliance is minimal given the limited scope of Tesla's requests and the electronic nature of the evidence. Tesla is not seeking broad document production or open-ended depositions, but rather forensic inspection to isolate and protect its own trade secrets and written discovery and depositions of discrete communications and conduct. Tesla seeks only information that it would be entitled to at a later date. *Roadrunner*

*Intermodal Servs., LLC v. T.G.S. Transp., Inc.*, 2017 WL 3783017, at *3 (E.D. Cal. Aug. 31, 2017) (granting expedited discovery where "[t]he burden on the defendant to comply with the requests will not be any greater than the general discovery burdens contemplated by this action."). Moreover, any claim of harm by Defendants rings hollow, after engaging in unlawful conduct with knowledge of the potential consequences. Tesla is seeking expedited discovery to understand the full scope of relief necessary to prevent further dissemination (and potential devaluation) of its trade secrets and to stop Defendants from further benefitting from their unlawful conduct. Accordingly, the need for expedited discovery here outweighs any negligible harm to Defendants.

*Factor #5.* Finally, waiting until the August 2, 2025, Rule 26(f) conference (*see* ECF #8) to begin discovery would frustrate the purpose of Tesla's preliminary injunction request. Every day that passes without visibility into the extent of Defendants' misappropriation increases the risk that they will further utilize—and commercialize—Tesla's trade secrets and/or disseminate them further. The roughly six-week delay between the Rule 26(f) conference and the commencement of expedited discovery could very well be the difference between Tesla's trade secrets being incorporated into additional Defendant technology or dissemination to unknown third parties, particularly given Defendants' unwillingness to voluntarily cooperate with Tesla thus far. *See SolarPark Korea Co., Ltd. v. Solaria Corp.*, 2023 WL 4983159, at *12 (N.D. Cal. Aug. 2, 2023) (finding expedited discovery appropriate "well in advance" of typical discovery process because it was necessary to uncover past disclosures of trade secrets and identify other entities that could potentially use them). Given the limited scope and clear relevance of the discovery sought and Tesla's urgent need for this discovery, expedited discovery is warranted pursuant to Federal Rules of Civil Procedure 26, 33, and 34. *See* Mot. Exs. 1-6.

## V.  CONCLUSION

Tesla's requested discovery is central to preventing ongoing harm to Tesla and will provide illuminating evidence for the upcoming proceedings regarding Tesla's request for injunctive relief. The results of that discovery are likely to assist the Court in granting appropriate relief. Good cause exists to grant this motion.

| | |
|---|---|
| 1 | |
| 2 | |
| 3 DATED: June 16, 2025 | Respectfully submitted, |
| 4 | GIBSON, DUNN & CRUTCHER LLP |

By: /s/ Josh Krevitt
Josh Krevitt, Bar No. 208552
    JKrevitt@gibsondunn.com
310 University Avenue
Palo Alto, CA  94301-1744
Telephone: 650.849.5300

Orin Snyder (admitted *pro hac vice*)
    OSnyder@gibsondunn.com
200 Park Avenue
New York, NY  10166-0193
Telephone: 212.351.4000

Angelique Kaounis, Bar No. 209833
    AKaounis@gibsondunn.com
2000 Avenue of the Stars, Suite 1200N
Los Angeles, CA  90067-4700
Telephone: 310.552.8500

*Attorneys for Plaintiff*
TESLA, INC.

Gibson, Dunn & Crutcher LLP

9

PLAINTIFF TESLA INC.'S NOTICE OF MOTION AND MOTION FOR EXPEDITED DISCOVERY
CASE NO. 5:25-CV-04963-SVK