GIBSON, DUNN & CRUTCHER LLP
JOSH KREVITT, SBN 208552
jkrevitt@gibsondunn.com
310 University Avenue
Palo Alto, California 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER (admitted *pro hac vice*)
osnyder@gibsondunn.com
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

ANGELIQUE KAOUNIS, SBN 209833
akaounis@gibsondunn.com
2000 Avenue of the Stars, Suite 1200N
Los Angeles, California 90067-4700
Telephone: 310.552.8500
Facsimile: 310.551.8741

*Attorneys for Plaintiff*
TESLA, INC.

TESLA, INC.
TERRY W. AHEARN, SBN 216543
tahearn@tesla.com
A. LOUIS DORNY, SBN 212054
ldorny@tesla.com
KRISTA M. CARTER, SBN 225229
kricarter@tesla.com
3000 Hanover St.
Palo Alto, California 94304
Telephone: 408.204.7384

*Attorneys for Plaintiff*
TESLA, INC.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

TESLA, INC., a Texas Corporation

Plaintiff,

v.

PROCEPTION, INC., a Delaware Corporation, and ZHONGJIE "JAY" LI, an individual,

Defendants.

CASE NO. 5:25-cv-04963-SVK

**ADMINISTRATIVE MOTION TO SHORTEN TIME FOR PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

**Hearing:**
Date: June 25, 2025
Time: 10:00 AM
Place: San Jose Courthouse, Courtroom 6 – 4th Floor, 280 South 1st Street, San Jose, CA 95113

Hon. Susan van Keulen

## ADMINISTRATIVE MOTION

Pursuant to Civil Local Rules 6-3 and 7, Plaintiff Tesla, Inc. respectfully requests that the Court set the hearing on Plaintiff's Motion for Expedited Discovery for July 8, 2024 with opposition(s) of Proception, Inc. and Zhongjie "Jay" Li (collectively, "Defendants") due within 5 court days prior to the July 8 hearing, and Plaintiff's reply due within 2 court days thereafter, in compliance with the local rules. Tesla's concurrently filed Motion for Preliminary Injunction will remain scheduled under the default 35-day timeline provided in Civil Local Rule 7-2(a) or at another date chosen by the Court. This request is not intended to alter that schedule.

Tesla seeks limited, targeted discovery necessary to appropriately tailor the relief sought in its preliminary injunction motion. Courts routinely permit expedited discovery in connection with injunctive relief where good cause exists. *See, e.g.*, *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002); *WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 854–55 (N.D. Cal. 2019). Without such discovery, Tesla will be forced to seek emergency relief without the information exclusively in Defendants' possession, impairing the Court's ability to fully evaluate the scope and urgency of relief.

As detailed in Tesla's concurrently filed Motion for Expedited Discovery and Motion for Preliminary Injunction, Tesla has presented compelling evidence that Defendants improperly accessed and/or used Tesla's confidential humanoid robot technology. But Tesla does not yet know the full scope of Defendants' misconduct. Expedited discovery will allow Tesla to confirm the extent to which Defendants have used and/or disclosed Tesla's trade secrets, when and how, and with, or to whom. This information is critical to prevent irreparable harm and to appropriately craft preliminary injunctive relief.

Defendants will not be prejudiced by this request. Tesla is not seeking to shorten the ordinary briefing period for the preliminary injunction motion, nor is it seeking extensive discovery. Tesla's requests are limited to forensic inspection, specific documents and communications, and narrowly tailored depositions as described in its currently filed motion for expedited discovery. Courts routinely find that such requests impose minimal burden when

compared to the general discovery burden contemplated in the case. *See Roadrunner Intermodal Servs., LLC v. T.G.S. Transp., Inc.*, 2017 WL 3783017, at *3 (E.D. Cal. Aug. 31, 2017).

Tesla's Motion for Preliminary Injunction is currently noticed under the standard 35-day schedule pursuant to Civil Local Rule 7-2(a). Tesla merely seeks to have its discovery motion heard on a shorter timeline so that discovery, if granted, can be completed before the preliminary injunction motion is decided. This ensures the Court can consider a fuller evidentiary record and grant effective, appropriately tailored relief. Absent expedited discovery, Tesla may be denied the opportunity to show the full scope of its irreparable harm in time for the PI hearing.

Tesla attempted to meet and confer with Defendants regarding this proposed schedule on Monday, June 16, 2025, but Defendants declined to stipulate. *See* Ex A, Declaration of Angelique Kaounis ¶¶ 5-7.

For the foregoing reasons, Tesla respectfully requests that the Court shorten the time for briefing and hearing on Tesla's Motion for Expedited Discovery as outlined above.

DATED: June 16, 2025

Respectfully submitted,

GIBSON, DUNN & CRUTCHER LLP

By: */s/* Josh Krevitt

Josh Krevitt, Bar No. 208552
JKrevitt@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300

Orin Snyder (admitted *hac vice*)
OSnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000

Angelique Kaounis, Bar No. 209833
AKaounis@gibsondunn.com
2000 Avenue of the Stars, Suite 1200N
Los Angeles, CA 90067-4700
Telephone: 310.552.8500

*Attorneys for Plaintiff*
TESLA, INC.