JAIDEEP VENKATESAN, SBN 211386
jvenkatesan@be-law.com
CAROLINE McINTYRE, SBN 159005
cmcintyre@be-law.com
PETER SOSKIN, SBN 280347
psoskin@be-law.com
BERGESON LLP
111 N. Market Street, Suite 600
San Jose, California 95113
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Defendants
PROCEPTION, INC. and ZHONGJIE "JAY" LI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| TESLA, INC., a Texas Corporation, | Case No. 5:25-cv-04963-SVK |
| Plaintiff, | **DEFENDANTS' PROCEPTION, INC. AND JAY LI'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO SHORTEN TIME** |
| v. | |
| PROCEPTION, INC., a Delaware Corporation, and ZHONGJIE "JAY" LI, an individual, | Judge: The Honorable Susan van Keulen<br>Date: June 25, 2025<br>Time: 10:00 a.m. |
| Defendants. | |

**TABLE OF CONTENTS**

<u>Page</u>

I.   INTRODUCTION ...................................................................................................................1

II.  STATEMENT OF FACTS......................................................................................................1

      A.    Tesla's Initial Allegations and Failure to Specify the Alleged Wrongdoing or Evidence for Its Claims.................................................................................1

      B.    Tesla Delays Seeking Relief, Creating Its Own Emergency......................................3

III. ARGUMENT ..........................................................................................................................3

      A.    Tesla Has Not Established Good Cause for Shortening Time or Expedited Discovery ....................................................................................................3

      B.    The Court's Discretion and the Interests of Fairness and Efficiency Require Denial of Tesla's Motion..................................................................................5

IV. CONCLUSION ......................................................................................................................5

i

DEFENDANTS PROCEPTION, INC. AND JAY LI'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO SHORTEN TIME, Case No. 5:25-cv-04963-SVK

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Eisner v. Meta Platforms, Inc.*,
  No. 24-cv-02175-CRB, 2024 U.S. Dist. LEXIS 77934 (N.D. Cal. Apr. 29, 2024) .................................................................................................................. 4

*Semitool, Inc. v. Tokyo Electron Am., Inc.*,
  208 F.R.D. 273 (N.D. Cal. 2002) .......................................................................... 4

*U.S. Fidelity & Guar. Co. v. Lee Inv., LLC*,
  641 F.3d 1126 (9th Cir. 2011) ............................................................................... 5

**Other Authorities**

Local Rule 6-3 ................................................................................................... 3, 4

Local Rule 6-3(a) .................................................................................................. 4

ii

DEFENDANTS PROCEPTION, INC. AND JAY LI'S OPPOSITION TO PLAINTIFF'S ADMINISTRATIVE MOTION TO SHORTEN TIME, Case No. 5:25-cv-04963-SVK

## I. INTRODUCTION

Tesla, Inc. ("Tesla") has failed to demonstrate good cause for the extraordinary relief it seeks through its motion to shorten time on its motion for expedited discovery. Tesla asserts that its former employee, Defendant Zhongjie "Jay" Li ("Li") misappropriated trade secrets relating to Tesla's humanoid robotics technology based solely on his access to Tesla documents *while he was employed by Tesla* – access that was sanctioned, indeed encouraged, by Tesla. On this thin reed, Tesla asserts that Li and the company he founded, Defendant Proception, Inc. ("Proception") somehow used Tesla's trade secrets. But Tesla's allegations are based on rank speculation, unsupported assertions, and a lack of particularized evidence of imminent or irreparable harm. And while Tesla would have this Court believe that there is great urgency to its request, Tesla created its own emergency by waiting over two months after it asserts it discovered its "concern" about Li and Proception to file this action and its motion for preliminary injunction.

Tesla's only concern is that Li started a company in a field, humanoid robotics, that Tesla values and in which it fears competition. Tesla's only asserted basis for misconduct is that after Li switched from working on a hand sensor project for Tesla's Optimus group to a chest computer project, Li accessed files relating to hand sensors. But, as will be explained in Defendants' forthcoming Opposition to Tesla's Motion for a Preliminary Injunction, this access was not only relevant to his continuing work at Tesla, it was also needed for him to collaborate with persons working on hand sensors and was well within the scope of Li's employment at Tesla.

Understanding its claims lack plausibility, Tesla filed a motion for expedited discovery that requests a court-sanctioned fishing expedition. The weakness in Tesla's allegations and its delay in seeking relief undermine its request to shorten time. For these reasons, and as detailed more fully below, Defendants respectfully request that the Court deny Tesla's motion to shorten time.

## II. STATEMENT OF FACTS

### A. Tesla's Initial Allegations and Failure to Specify the Alleged Wrongdoing or Evidence for Its Claims

Li left Tesla without incident in September 2024, to pursue his dream of starting a company. But after Proception released a video in March 2025 showing the prototype hand that

1

1  Proception had invested significant resources in time and personnel to develop, Tesla became
2  concerned. Its in-house counsel, Terry Ahearn, sent a letter to Li on March 31, 2025 asserting the
3  only issue it could find – that Li allegedly improperly accessed files related to the hand project
4  while he was a Tesla employee. Declaration of Michael Hui ("Hui Decl.") ¶ 2, Ex. A. On April 4,
5  2025, Proception's corporate counsel, Michael Hui, responded, asking Mr. Ahearn to contact him
6  to discuss the issues Tesla raised in greater detail. *Id.*, ¶ 3, Ex. B. During an April 9, 2025
7  conference call with Mr. Ahearn and a Tesla colleague, Mr. Hui explained that Li had not
8  misappropriated any Tesla proprietary or confidential information, and that his access to Tesla
9  materials while employed was consistent with his job responsibilities and expectations at Tesla,
10 which included collaborating with other Tesla employees in Tesla's Optimus Humanoid group *Id.*,
11 ¶ 4. Nonetheless, Mr. Ahearn demanded unfettered real-time access to Proception's electronic
12 systems and Li's devices. Mr. Hui responded that Proception could not evaluate such an overbroad
13 request absent clarity as to what Tesla claimed was misappropriated. Mr. Hui specifically asked
14 Mr. Ahearn to identify the particular Tesla information that Tesla believed was misappropriated,
15 or any file paths that Tesla believed had been accessed without authorization. *Id.*, ¶ 5. Mr. Ahearn
16 declined to provide any such detail, stating that Tesla did not want to provide Mr. Hui "free
17 discovery". *Id.* Despite then waiting over two months to file, Tesla was obviously planning for
18 litigation from the beginning.

19    Mr. Hui spoke with Mr. Ahearn and his colleague again on April 18, 2025. *Id.*, ¶ 7. Mr.
20 Hui again explained to Mr. Ahearn that neither Proception nor Li could meaningfully address
21 Tesla's demands without understanding the nature of Tesla's allegations. Mr. Hui reiterated
22 Proception's willingness to consider reasonable, targeted remedial measures if Tesla would
23 identify actual instances of wrongdoing. Again, Mr. Ahearn refused to agree to reciprocal
24 information sharing, and instead responded by repeating Tesla's demand for unrestricted access to
25 all of Proception's systems and Li's devices. *Id.*.

26    On April 21, 2025, Mr. Hui sent an email to Mr. Ahearn memorializing their previous
27 communications and asked that Tesla provide specific information regarding the alleged
28 wrongdoing by April 23, 2025. *Id.*, ¶ 8. Neither Mr. Ahearn nor any other Tesla employee

1  responded to Mr. Hui's April 21, 2025 email or identified to Mr. Hui the trade secrets or
2  confidential information that Tesla believed Proception or Li had misappropriated. *Id.,* ¶ 9.

3  **B.    Tesla Delays Seeking Relief, Creating Its Own Emergency**

4  On June 9, 2025, over two months after Tesla initially contacted Li, Angelique Kaounis,
5  Tesla's outside counsel, sent Mr. Hui correspondence demanding that Proception and Li enter into
6  a stipulated injunction. *Id.,* ¶ 10. Bergeson, LLP was retained to represent Proception and Li on
7  June 10, 2025. Declaration of Jaideep Venkatesan ("Venkatesan Decl."), ¶ 2. On June 11, 2025,
8  Mr. Venkatesan sent correspondence to Ms. Kaounis asking to schedule a call on Friday, June 13,
9  2025, with the hope of discussing the assertions made in Ms. Kaounis's June 9, 2025 letter and
10 exploring whether the parties could resolve the concerns raised therein. *Id.,* ¶ 3. Ms. Kaounis
11 responded on June 11, 2025 at 7:21 PM asking if Bergeson, LLP would accept service of a
12 complaint on behalf of Proception and Li and an Arbitration Demand on behalf of Li. *Id.,* ¶ 4. On
13 June 12, 2025, Mr. Venkatesan learned, based on a news article published at 4:51 AM PST, that
14 Tesla had filed a lawsuit the day before. *Id.,* ¶ 5. Desiring to investigate the assertions made in the
15 newly filed complaint, Mr. Venkatesan responded to Ms. Kaounis's email on June 12, 2025 that
16 he would follow up the following week. *Id.,* ¶ 6.

17 On June 16, 2025, counsel for both parties met and conferred. Tesla's counsel asked if
18 Proception and Li would agree to the stipulated injunction described in Ms. Kaounis's June 9,
19 2025 letter, and agree to expedited discovery. Defendants' counsel asked what discovery Tesla
20 sought and what evidence Tesla had to merit the relief sought. *Id.,* ¶ 7. Tesla's counsel stated that
21 Tesla was requesting written discovery, document requests, and depositions of Li and a Proception
22 corporate witness. *Id.* Tesla's counsel again failed to identify the specific documents or
23 information allegedly misappropriated, referring only to the allegations in Tesla's complaint. *Id.*

24 **III.   ARGUMENT**

25 **A.    Tesla Has Not Established Good Cause for Shortening Time or Expedited
           Discovery**
26

27 Under Civil Local Rule 6-3, a motion to shorten time must be supported by a declaration
28 setting forth with particularity, *inter alia,* the reasons for the request, efforts to obtain a stipulation,

the substantial harm or prejudice that would occur absent relief, and the effect on the case schedule. *See Eisner v. Meta Platforms, Inc.*, No. 24-cv-02175-CRB, 2024 U.S. Dist. LEXIS 77934, at *3-4 (N.D. Cal. Apr. 29, 2024).[1] In *Eisner,* the plaintiff moved for a preliminary injunction against the defendants and also requested an expedited briefing schedule and hearing date for a motion for expedited discovery. *Id.,* at *1-2. The court held that the plaintiff's motion to shorten time did not satisfy Civil Local Rule 6-3(a) because of, among other grounds, the plaintiff's failure to set forth with sufficient particularity the reasons for the requested time change or identify the substantial harm or prejudice that would occur absent the relief sought. *Id.,* at *5.

Tesla's motion also fails to satisfy Rule 6-3. Tesla's supporting declaration of Angelique Kaounis ("Kaounis Declaration") (Dkt. 16-1) merely recites vague concerns about potential harm without providing specific facts or evidence of imminent or irreparable harm. For example, Tesla states the information sought is "necessary for the Court to tailor the requested injunctive relief," and "Tesla seeks this discovery to learn the full scope of Defendants' misconduct to prevent further harm to Tesla and its proprietary technology and investments." *Id.,* at ¶ 9. Tesla also states, in conclusory fashion that "each day that passes increases the risk of ongoing use or dissemination" *Id.,* at ¶ 10, without articulating any facts or explanation supporting that statement. These conclusory statements could be asserted by any plaintiff – but, as *Eisner* holds, a party must make a much more concrete showing to justify such an extraordinary relief.

Tesla's motion is ultimately based on rank speculation. Tesla suggests Defendants *may* have used or disclosed trade secrets with no specific facts showing that any such use or disclosure has occurred or is imminent. Its motion is replete with generalities about the need to "prevent irreparable harm" without the particularized facts required by the Local Rules and case law. As *Eisner* held, "[a]bsent from the declaration are substantive averments of fact to support or address why good cause exists to shorten the briefing schedule." 2024 U.S. Dist. LEXIS 77934, at *6.

---

[1] Courts require more than conjecture to justify expedited discovery or shortened time. *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002) (good cause requires showing that need for expedited discovery outweighs prejudice to the responding party).

Tesla's reliance on broad, unsupported assertions cannot support the extraordinary relief it seeks.

Moreover, Tesla asserts that it requests a shorter timeline "so that discovery, if granted, can be completed before the preliminary injunction motion is decided." Motion at 2. But Tesla requests a July 8, 2025 hearing on its motion with discovery responses due ten days thereafter. Any responses would be due no earlier than July 18, *after* the July 8 deadline for Tesla's reply.

Tesla's own dilatory conduct belies its claim of urgency. Tesla first raised its concerns with Defendants in late March 2025 but waited until June 2025 to seek relief. During this period, Tesla repeatedly refused to identify the specific information at issue or to engage in meaningful discussions about targeted remedial measures. Hui Decl., ¶¶ 5, 7–9; Venkatesan Decl. ¶¶ 2–4. Even Tesla's Motion for a Preliminary Injunction fails to attach the documents Tesla believes Li misused that are the basis of its allegations. Tesla's delay created its own emergency and undercuts any assertion that expedited discovery is necessary to prevent imminent harm.

### B. The Court's Discretion and the Interests of Fairness and Efficiency Require Denial of Tesla's Motion

The Court has broad discretion to manage discovery and the case schedule. *See U.S. Fidelity & Guar. Co. v. Lee Inv., LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011). Tesla's request for a compressed schedule would prejudice Defendants, who have not been provided with the information necessary to respond meaningfully to Tesla's allegations or discovery requests. Indeed, Tesla still has not shown Defendants the documents it contends were misappropriated. Tesla's request would also burden the Court, with the risk of further motion practice on the scope of both expedited and subsequent discovery. The interests of fairness and judicial efficiency weigh against granting expedited or truncated proceedings, particularly where Tesla has failed to demonstrate good cause.

### IV. CONCLUSION

Tesla has failed to establish good cause, has delayed in seeking relief, and relies on speculation rather than evidence. For the foregoing reasons, Defendants respectfully request that the Court deny Tesla's motion and exercise its discretion to maintain the ordinary schedule and ensure that any discovery proceeds in a fair and orderly manner.

| | | |
|---|---|---|
| 1 | Dated:  June 23, 2025 | BERGESON LLP |
| 2 | | |
| 3 | | By:     /s/  Jaideep Venkatesan |
| | | Jaideep Venkatesan |
| 4 | | Attorneys for Defendants |
| 5 | | PROCEPTION, INC. and ZHONGJIE "JAY" LI |

6