1  JAIDEEP VENKATESAN, SBN 211386
   jvenkatesan@be-law.com
2  CAROLINE McINTYRE, SBN 159005
   cmcintyre@be-law.com
3  PETER SOSKIN, SBN 280347
   psoskin@be-law.com
4  BERGESON LLP
   111 N. Market Street, Suite 600
5  San Jose, California 95113
   Telephone: (408) 291-6200
6  Facsimile: (408) 297-6000

7  Attorneys for Defendants
   PROCEPTION, INC. and ZHONGJIE "JAY" LI
8

9                   UNITED STATES DISTRICT COURT

10           NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

| 12 | TESLA, INC., a Texas Corporation, | Case No. 5:25-cv-04963-SVK |
|---|---|---|
| 13 | Plaintiff, | **DECLARATION OF MICHAEL J. HUI IN SUPPORT OF DEFENDANTS PROCEPTION, INC. AND ZHONGJIE "JAY" LI'S OPPOSITION TO ADMINISTRATIVE MOTION TO SHORTEN TIME** |
| 14 | v. | |
| 15 | PROCEPTION, INC., a Delaware Corporation, and ZHONGJIE "JAY" LI, an individual, | |
| 16 | | |
| 17 | Defendants. | Date:  June 25, 2025<br>Time:  10:00 a.m.<br>Judge: The Honorable Susan van Keulen |

1

DEC OF MICHAEL J. HUI IN SUPPORT OF DEFENDANTS PROCEPTION, INC. AND ZHONGJIE "JAY" LI'S
OPPOSITION TO ADMINISTRATIVE MOTION TO SHORTEN TIME, Case No. 5:25-cv-04963-SVKK

I, Michael J. Hui, declare as follows:

1. I am an attorney duly licensed to practice in the State of California. I am an attorney with Gunderson Dettmer Stough Villeneuve Franklin & Hachigian, LLP, which represents Proception, Inc. ("Proception") in connection with corporate and transactional matters. I submit this declaration in support of Defendants Proception and Zhongjie "Jay" Li's Opposition to Plaintiff Tesla, Inc.'s ("Tesla") Motion for Preliminary Injunction. Except as to matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts set forth herein and could and would testify competently thereto if called as a witness.

2. As counsel for Proception in corporate and transactional matters, I reviewed a letter from Tesla's in-house counsel, Terry Ahearn, to Mr. Li that is dated March 27, 2025. I understand Mr. Li received this letter on March 31, 2025. Attached as Exhibit A is a true and correct copy of Mr. Ahearn's March 31, 2025 letter.

3. Attached as Exhibit B is a true and correct copy of my letter, dated April 4, 2025, to Mr. Ahearn. In that letter, I asked Mr. Ahearn to contact me to discuss the issues Tesla raised in greater detail.

4. On April 9, 2025, I participated in a Microsoft Teams conference call with Mr. Ahearn and his colleague from Tesla. During that conversation, I explained that Mr. Li did not misappropriate any proprietary or confidential information belonging to Tesla. I also stated that Mr. Li's access to Tesla materials while working at Tesla was consistent with his job responsibilities at Tesla, as well as Tesla's expectations during his employment, which included collaborating with other Tesla employees in Tesla's Optimus Humanoid group.

5. During the April 9, 2025 conference call, Mr. Ahearn demanded that Proception grant Tesla unfettered access to Proception's electronic systems and devices belonging to Mr. Li so that Tesla could search for unspecified materials it believed might reside there. I responded that Proception could not evaluate or consider such an overbroad request absent clarity regarding what Tesla claimed had been misappropriated. I specifically asked Mr. Ahearn to identify the particular information belonging to Tesla that it believed had been allegedly misappropriated, or any file paths that Tesla believed had been accessed without authorization. Mr. Ahearn declined to provide

any such detail, stating that Tesla would not provide "free discovery" to me. At the conclusion of the April 9, 2025 conference call, I informed Mr. Ahearn that given he would not provide further details regarding the allegations against Proception and Mr. Li, I needed to check in with Proception before I could agree to an unfettered audit by Tesla.

6. On April 14, 2025, Mr. Ahearn emailed me asking, "Please let us know how Mr. Li and Proception intend to proceed." I responded on the same day, informing Mr. Ahearn that I required additional time to respond. On April 17, 2025, I emailed Mr. Ahearn to schedule a meeting for April 18, 2025. Attached as Exhibit C is a true and correct copy of email correspondence between Mr. Ahearn and me between April 14, 2025 and April 17, 2025.

7. On April 18, 2025, Mr. Ahearn, his colleague from Tesla, and I participated in a Microsoft Teams conference call. I explained to Mr. Ahearn that neither Proception nor Mr. Li could meaningfully address Tesla's demands without understanding the nature of the allegations by Tesla. I reiterated Proception's willingness to consider reasonable, targeted remedial measures if Tesla would identify concrete instances of wrongdoing. Again, Mr. Ahearn refused to agree to reciprocal information sharing, and instead responded by repeating Tesla's demand for unrestricted access to all of Proception's systems and Mr. Li's devices.

8. Attached as Exhibit D is a true and correct copy of my April 21, 2025 email to Mr. Ahearn memorializing our previous communications and asking that Tesla provide specific information regarding the alleged wrongdoing by April 23, 2025.

9. Neither Mr. Ahearn nor any other employee of Tesla responded to my April 21, 2025 email or identified to me the trade secrets or confidential information that Tesla believes Proception or Mr. Li had misappropriated.

10. Attached as Exhibit E is a true and correct copy of a letter dated June 9, 2025 to me from Angelique Kaounis of Gibson Dunn, asking that Proception and Mr. Li enter into a stipulated injunction.

11. I responded to Ms. Kaounis's June 9, 2025 letter that Gunderson Dettmer did not represent Proception or Mr. Li with respect to litigation, and advised that I would inform her if I became aware that Proception and Mr. Li had retained litigation counsel. Upon information and

1 belief, Jaideep Venkatesan, a partner at Bergeson LLP, contacted Ms. Kaounis on behalf of
2 Proception and Mr. Li shortly thereafter. Attached as Exhibit F is a true and correct copy of my
3 correspondence with Ms. Kaounis dated June 9, 2025.
4     I declare under penalty of perjury under the laws of the United States of America and the
5 State of California that the foregoing is true and correct. Executed on this 23 day of June, 2025, at
6 Los Angeles, California.

                          DocuSigned by:
                         *Michael J. Hui*
                         D0C0BC1C2606407... Michael J. Hui