# EXHIBIT E

# DECLARATION OF

# MICHAEL J. HUI

**GIBSON DUNN**

Angelique Kaounis
Partner
T: +1 310.552.8546
M: +1 213.479.1946
akaounis@gibsondunn.com

Client: 93617-00010

CONFIDENTIAL / VIA E-MAIL - MHUI@GUNDER.COM

June 9, 2025

Michael J. Hui
Of Counsel
Gunderson Dettmer
One Bush Plaza, Suite 1200
San Francisco, CA 94104

Re:   Zhongjie "Jay" Li and Proception

Dear Counsel:

We represent Tesla in connection with the investigation of your client Zhongjie "Jay" Li's departure from the company. As you were advised by Tesla's Managing Counsel Terry Ahearn, your client accessed and downloaded numerous highly sensitive hand sensor and actuator files that were outside the scope of his duties at Tesla after he was transferred to the Optimus chest computer team.

The nature and scope of Mr. Li's conduct is extremely concerning, particularly since while he was accessing these files, he also was running Google searches—on his Tesla computer—relating to funding for his new robotics company (your client Proception AI).

This letter is to advise you that we intend to file a complaint against Mr. Li (for injunctive relief only) and Proception, as well as a Demand for Arbitration against Mr. Li unless your clients agree to the relief summarized below and detailed in the attached stipulation and proposed order by 3 pm on June 11, 2025. Tesla intends to seek this relief via a motion for preliminary injunction.

1. An order prohibiting Defendants Proception, Inc. and Li (together, "Defendants") from accessing, using, or disclosing Tesla's trade secrets and proprietary confidential information;
2. An order prohibiting Defendants, and all of their employees and agents, from destroying, deleting, altering, or concealing evidence potentially relevant to the claims (e.g., trade secret misappropriation and interference with contract) or defenses in the action;
3. An order halting Defendants from shipping any robotics products or disseminating any technology or confidential information about any robotics product to third parties without prior court order permitting such shipment or dissemination; and
4. An order permitting expedited discovery from Defendants pursuant to Federal Rule of Civil Procedure 26(d)(1) as follows:
    a. directing Defendants to make the following items in their possession, custody or control available to Tesla's counsel of record for full-disk forensic imaging and data preservation by Tesla, for Tesla's forensic examiner's and counsel's review, inspection and analysis on an Attorney's Eyes-Only basis:

# GIBSON DUNN

Michael J. Hui  June 9, 2025
Gunderson Dettmer  Page 2

      i. Any computer (laptop, desktop and/or server) and every form of media, including but not limited to electronic storage devices, external hard drives, USB/flash drive devices, CDs, DVDs, email accounts or other cloud storage services, cell phones, tablets, other devices with text messaging or electronic mail capabilities, including logon credentials necessary to access such media, and any mirror images of such media, that contain, or previously contained, (i) one or more of Tesla's trade secrets or confidential proprietary information, (ii) information relating to Tesla, or (iii) information relating to Defendants' development of robotics technology; and

  b. Directing Defendants to respond to other written, oral or forensic discovery regarding Defendants' access, acquisition, use, and disclosure of Tesla's confidential information and trade secrets.

We look forward to your prompt response to this letter.

Thank you,

*[signature: Angelique Kaounis]*

Angelique Kaounis
Gibson, Dunn & Crutcher LLP

AK/plj
Attachment

| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>JOSH KREVITT, SBN 208552<br>   jkrevitt@gibsondunn.com<br>310 University Avenue<br>Palo Alto, California 94301-1744<br>Telephone: 650.849.5300<br>Facsimile: 650.849.5333<br><br>ORIN SNYDER (*pro hac vice forthcoming*)<br>   osnyder@gibsondunn.com<br>200 Park Avenue<br>New York, New York 10166-0193<br>Telephone: 212.351.4000<br>Facsimile: 212.351.4035<br><br>ANGELIQUE KAOUNIS, SBN 209833<br>   akaounis@gibsondunn.com<br>2000 Avenue of the Stars, Suite 1200N<br>Los Angeles, California 90067-4700<br>Telephone: 310.552.8500<br>Facsimile: 310.551.8741<br><br>*Attorneys for Plaintiff*<br>   TESLA, INC. | TESLA, INC.<br>TERRY W. AHEARN, SBN 216543<br>   tahearn@tesla.com<br>A. LOUIS DORNY, SBN 212054<br>   ldorny@tesla.com<br>KRISTA M. CARTER, SBN 225229<br>   kricarter@tesla.com<br>3000 Hanover St.<br>Palo Alto, CA 94304<br>Telephone: 408.204.7384<br><br>*Attorneys for Plaintiff*<br>   TESLA, INC. |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESLA, INC.,<br><br>               Plaintiff,<br><br>       v.<br><br>PROCEPTION, INC. and ZHONGJIE "JAY" LI,<br><br>               Defendants. | CASE NO. 25:-XX-XXXX<br><br>**STIPULATION AND [PROPOSED] ORDER RE PRELIMINARY INJUNCTION AND EXPEDITED DISCOVERY** |

Plaintiff Tesla, Inc. ("Tesla") and Defendants Proception, Inc. ("Proception") and Zhongjie "Jay" Li ("Li") (together, "Defendants") hereby stipulate and agree to the following:

A. Defendants and all persons acting under, in concert with, or for Defendants, or anyone who receives actual notice of this Order, whether or not in the United States, are hereby restrained and enjoined from each and all of the following:

1. Any and all access, use, disclosure, providing third parties access to, transferring, copying, duplication, reproduction, publication, distribution, broadcasting, or marketing of Tesla's confidential information and trade secrets.

2. Shipping any robotics product or disseminating any technology or confidential information about any robotics product to third parties without prior order of this Court permitting such shipment or dissemination;

3. Destroying, concealing, disposing, deleting, removing, or altering any and all documentation of any kind, whether paper or electronic (including but not limited to computer files, emails, or files located on or in hard drives, disk drives, USB drives, or cloud-based storage accounts), data, drafts or other things and materials:

    a. Obtained from or belonging to Tesla;

    b. Relating in any way to Tesla's trade secrets;

    c. Relating in any way to the Defendants' development of its robotics products;

    d. Potentially relevant to the claims or defenses in this action.

B. Defendants and their agents and all those acting in active concert or participation with Defendants shall, within 48 hours of their agreement to this Order, make the following items in their possession, custody or control available to Tesla's counsel of record for full-disk forensic imaging and data preservation by Tesla, for Tesla's forensic examiner's and counsel's review, inspection and analysis on an Attorney's Eyes-Only basis:

1. Any computer (laptop, desktop and/or server) and every form of media, including but not limited to electronic storage devices, external hard drives, USB/flash drive

devices, CDs, DVDs, email accounts or other cloud storage services, cell phones, tablets, other devices with text messaging or electronic mail capabilities, including logon credentials necessary to access such media, and any mirror images of such media, that contain, or previously contained, (i) one or more of Tesla's trade secrets or confidential proprietary information, (ii) information relating to Tesla, or (iii) information relating to Defendants' development of robotics technology;

   C.   Pursuant to Federal Rule of Civil Procedure 26(d)(1), Defendants shall respond to other written, oral or forensic discovery regarding Defendants' access, acquisition, use, and disclosure of Tesla's confidential information and trade secrets.  Until any other Protective Order is negotiated between the parties, the "Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets," included and referenced by the Local Rules for the Northern District of California shall be operative and be deemed by the parties and the Court as being entered in this case upon entry of this Preliminary Injunction.

   D.   Defendants shall not (either individually or collectively) act in concert with anyone or any entity to directly or indirectly violate the terms of this Stipulation and Order.

   E.   Tesla shall not be required to post a bond for the issuance of this Order.

   F.   This Order is issued without prejudice to Tesla seeking further additional discovery or other relief as appropriate, including further equitable or legal relief.

   G.   This Order shall remain in full force and effect through the date on which judgement is entered following the trial of this action.

   H.   The Agreement shall become effective immediately between the parties upon their executing this document and this Order shall become immediately effective upon its entry.

| Dated June __, 2025 | Dated June __ 2025 |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP | _____ |
| By: /s/ DRAFT <br> Josh Krevitt, Bar No. 208552 <br>    JKrevitt@gibsondunn.com <br> 310 University Avenue <br> Palo Alto, CA  94301-1744 | By: /s/ DRAFT <br> _____, Bar No. _____ |

| | |
|---|---|
| Telephone: 650.849.5300<br><br>Orin Snyder (*pro hac vice forthcoming*)<br>   OSnyder@gibsondunn.com<br>200 Park Avenue<br>New York, NY  10166-0193<br>Telephone: 212.351.4000<br><br>Angelique Kaounis, Bar No. 209833<br>   AKaounis@gibsondunn.com<br>2000 Avenue of the Stars, Suite 1200N<br>Los Angeles, CA  90067-4700<br>Telephone: 310.552.8500<br><br>*Attorneys for Plaintiff*<br>TESLA, INC. | Telephone: ___<br><br>*Attorneys for Defendants*<br>PROCEPTION, INC. and ZHONGJIE "JAY" LI |

1  **IT IS SO ORDERED.**

2  **DATED**:

3                                                          By_____
4                                                          The Honorable
                                                           United States District Judge