JAIDEEP VENKATESAN, SBN 211386
jvenkatesan@be-law.com
CAROLINE McINTYRE, SBN 159005
cmcintyre@be-law.com
PETER SOSKIN, SBN 280347
psoskin@be-law.com
BERGESON LLP
111 N. Market Street, Suite 600
San Jose, California 95113
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Defendants
PROCEPTION, INC. and ZHONGJIE "JAY" LI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| TESLA, INC., a Texas Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROCEPTION, INC., a Delaware Corporation,<br>and ZHONGJIE "JAY" LI, an individual,<br><br>Defendants. | Case No. 5:25-cv-04963-SVK<br><br>**DECLARATION OF JAIDEEP VENKATESAN IN SUPPORT OF DEFENDANTS PROCEPTION, INC. AND ZHONGJIE "JAY" LI'S OPPOSITION TO ADMINISTRATIVE MOTION TO SHORTEN TIME**<br><br>Date:    June 25, 2025<br>Time:    10:00 a.m.<br>Judge:  The Honorable Susan Van Keulen |

I, Jaideep Venkatesan declare as follows:

1. I am an attorney duly licensed to practice in the State of California. I am a partner with Bergeson LLP, counsel for Proception, Inc. ("Proception") and Zhongjie "Jay" Li in this proceeding. I submit this declaration in support of Defendants Proception and Zhongjie "Jay" Li's Opposition to Plaintiff Tesla, Inc.'s ("Tesla") Motion for Preliminary Injunction . Except as to matters stated on information and belief, which I believe to be true, I have personal knowledge of the facts set forth herein and could and would testify competently thereto if called as a witness.

2. Bergeson LLP was retained to represent Proception and Mr. Li on June 10, 2025, after Angelique Kaounis of Gibson Dunn, outside counsel to Tesla, sent a letter dated June 9, 2025 to Proception's corporate counsel demanding that Proception and Mr. Li enter into a stipulated injunction.

3. Attached as Exhibit A is a true and correct copy of my letter, dated June 11, 2025, to Ms. Kaounis asking to schedule a call for Friday, June 13, 2025, with the hope of discussing the assertions made in Ms. Kaounis's June 9, 2025 letter and exploring whether the parties could resolve the concerns raised therein.

4. Attached as Exhibit B is an email I received from Ms. Kaounis dated June 11, 2025 at 7:21 PM PST. In this letter, Ms. Kaounis asked if Bergeson, LLP would accept service of a complaint on behalf of Proception and Mr. Li and an Arbitration Demand on behalf of Mr. Li.

5. On June 12, 2025, I learned, upon reading a news article published at 4:51 AM PST, that Tesla had filed a lawsuit the day before. Attached as Exhibit C is a copy of the article, "Tesla Sues Ex-Optimus Engineer Alleging Theft of Robotic Trade Secrets".

6. Desiring to investigate the assertions made in the newly filed complaint, I responded to Ms. Kaounis's email on June 12 2025. In that email I stated that I would follow up the following week regarding whether Bergeson was authorized to accept service, and as to whether a discussion would be useful. Attached as Exhibit D is a true and correct copy of my June 12, 2025 email to Ms. Kaounis.

7. On June 16, 2025, I, Ms. Kaounis, and members of our respective firms met on a conference call. Ms. Kaounis asked if Proception and Li would agree to the stipulated injunction

described in Ms. Kaounis's June 9, 2025 letter, and agree to expedited discovery. I asked what discovery Tesla sought and what evidence Tesla had to merit the relief sought. Ms. Kaounis stated that Tesla was requesting written discovery, document requests, a deposition of Li and a deposition of a Proception 30(b)(6) witness. Ms. Kaounis did not identify the documents Tesla believed Mr. Li had taken, and said that Tesla's allegations are in its complaint.

      I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 23rd day of June, 2025, at San Jose, California.

                                                                               Jaideep Venkatesan