GIBSON, DUNN & CRUTCHER LLP
JOSH KREVITT, SBN 208552
    jkrevitt@gibsondunn.com
310 University Avenue
Palo Alto, California 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ORIN SNYDER (admitted *pro hac vice*)
    osnyder@gibsondunn.com
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

ANGELIQUE KAOUNIS, SBN 209833
    akaounis@gibsondunn.com
2000 Avenue of the Stars, Suite 1200N
Los Angeles, California 90067-4700
Telephone: 310.552.8500
Facsimile: 310.551.8741

*Attorneys for Plaintiff*
TESLA, INC.

TESLA, INC.
TERRY W. AHEARN, SBN 216543
    tahearn@tesla.com
A. LOUIS DORNY, SBN 212054
    ldorny@tesla.com
KRISTA M. CARTER, SBN 225229
    kricarter@tesla.com
3000 Hanover St.
Palo Alto, California 94304
Telephone: 408.204.7384

*Attorneys for Plaintiff*
TESLA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESLA, INC., a Texas Corporation<br><br>Plaintiff,<br><br>v.<br><br>PROCEPTION, INC., a Delaware Corporation, and ZHONGJIE "JAY" LI, an individual,<br><br>Defendants. | CASE NO. 5:25-cv-04963-SVK<br><br>**REPLY BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**<br><br><u>**Hearing:**</u><br>Date:    July 3, 2025<br>Time:    9:30 AM<br>Place:   Via Videoconference<br><br>Hon. Susan van Keulen |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1

II. ARGUMENT .........................................................................................................................2

A. Defendants Do Not Refute that They Are in Possession of Tesla's Trade Secrets and They Fail to Provide Any Assurances that They Will Not Use Tesla's Trade Secrets ........................2

B. Tesla Has Met Its Obligations Under CCP 2019.210 ..........................................................4

C. Defendants Fail to Engage with the Factors Courts Consider on a Motion for Expedited Discovery ...............................................................................................................................6

    1. The Five Factors Courts Consider on a Motion for Expedited Discovery Favor Tesla ... 6

    2. Defendants' Invented Requirement for Expedited Discovery Should Be Rejected ........9

D. Defendants' Merits Arguments Are Incorrect and Irrelevant to this Motion..................... 10

III. CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. LegalNet, Inc. v. Davis*, 673 F. Supp. 2d 1063, 1069 (C.D. Cal. 2009) .............................. 8

*Anthony v. Iron Mountain Inc.*,
  No. CV 20-5932 AB, 2021 WL 12310802 (C.D. Cal. Oct. 4, 2021).................................... 9

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
  No. 11–CV–01846–LHK, 2011 WL 1938154 (N.D. Cal. May 18, 2011) ....................... 6, 8

*Brescia v. Angelin*,
  172 Cal. App. 4th 133 (2009)............................................................................................. 5

*Carl Zeiss X-Ray Microscopy, Inc., v. Sigray, Inc.*,
  No. 21-cv-01129-EJD (VKD), 2021 WL 5197215 (N.D. Cal. Nov. 9, 2021)...................... 5

*Cisco Sys., Inc. v. Chung*,
  462 F. Supp. 3d 1024 (N.D. Cal. May 26, 2020) ................................................................ 4

*Citibank, N.A. v. Mitchell*,
  No. 24-cv-08224-CRB, 2024 WL 4906076 (N.D. Cal. Nov. 26, 2024) .............................. 3

*Cleanfish, LLC v. Sims*,
  No. 19-CV-03663-HSG, 2019 WL 2716293, . (N.D. Cal. June 28, 2019)........................ 10

*Comet Techs. U.S. of Am. Inc. v. Beuerman*,
  No. 18-CV-01441-LHK, 2018 WL 1990226 (N.D. Cal. Mar. 15, 2018) ......................... 3, 8

*Dairy, LLC v. Milk Moovement, Inc.*,
  2022 WL 378838 (E.D. Cal. Feb. 8, 2022) .......................................................................... 6

*Eurofins Elec. & Elec. Testing NA, LLC v. SGS N. Am. Inc.*,
  No. 5:24-cv-06340-EJD, 2024 WL 4453315 (N.D. Cal. Oct. 8, 2024) ................................ 6

*Genentech, Inc. v. JHL Biotech, Inc.*,
  No. C 18-06582 WHA, 2019 WL 1045911 (N.D. Cal. Mar. 5, 2019) ................................. 8

*Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1079 (N.D. Cal. 2016) ................................ 7

*Hopscotch Adoptions, Inc. v. Kachadurian*,
  No. CV F 09–2101 LJO GSA, 2009 WL 4782160 (E.D. Cal. Dec. 7, 2009) ..................... 10

*Integral Dev. Corp. v. Tolat*,
  675 F. App'x 700 (9th Cir. 2017) ........................................................................................ 4

*Joshua David Mellberg LLC v. Will*,
    96 F. Supp. 3d 953 (D. Ariz. 2015) .................................................................................... 5

*MedImpact Healthcare Sys., Inc. v. IQVIA Holdings, Inc.*,
    No. 19cv1865-GPC-LL, 2019 WL 6310554 (S.D. Cal. Nov. 25, 2019) ............................... 7

*Monterey Bay Military Housing, LLC v. Ambac Assurance Corp.*,
    No. 17-cv-04992 BLF, 2017 WL 11811080 (N.D. Cal. Sep. 22, 2017) ............................... 3

*Perlan Therapeutics, Inc. v. Superior Ct.*,
    178 Cal. App. 4th 1333 (2009) ............................................................................................. 5

*Praecipio Consulting, LLC v. Howser*,
    No. 25-cv-02927-JST, 2025 WL 1084766 (N.D. Cal. Apr. 10, 2025) ................................ 9

*Shaw v. Experian Info. Sols., Inc.*,
    306 F.R.D. 293 (S.D. Cal. 2015) .......................................................................................... 9

*Social Apps, LLC v. Zynga, Inc.,* YGR, 2012 WL 2203063, at *4 (N.D. Cal.
    June 14, 2012) ...................................................................................................................... 4

*Total Access Payments, Inc. v. Maximum Bus. Innovations, Inc.*,
    No. CV 10-5475-GHK(RCx), 2010 WL 11552973 (C.D. Cal. Aug. 3, 2010) ..................... 9

*Veeder-Root Fuelquest, LLC v. Wisdom* ... 7, No. 2:21-cv-00352-RAJ, 2021 WL 1209257, at 3–
    5* (W.D. Wash. Mar. 31, 2021) ........................................................................................... 7

*Waymo LLC v. Uber Technologies, Inc.*,
    No. C 17-00939 WHA, 2017 WL 2123560 (N.D. Cal. May 15, 2017) ............................... 8

*WeRide Corp. v. Kun Huang*,
    379 F. Supp. 3d 834 ............................................................................................................. 4

**Statutes**

Cal. Code Civ. Proc. section 2019.210 .................................................................................. 4, 5

Tesla, Inc. respectfully submits this reply in support of its motion for expedited discovery.

## I.  Introduction

The Court suspended briefing on Tesla's Preliminary Injunction Motion pending resolution of this Motion for Expedited Discovery (the "Motion"), "to further the interests of judicial efficiency, and to allow sufficient time for the Parties and the Court to address the motion … and, if granted, the fruits of discovery." Dkt. 37 at 1. Defendants seemingly chose to ignore this directive, and instead submitted a 25-page, thinly disguised opposition to Tesla's PI Motion, styled as an opposition to Tesla's Expedited Discovery Motion (the "Opp. Br."). But the present question before this Court is simple: should Tesla get targeted expedited discovery to assist the Court in deciding the PI Motion and fashioning appropriate relief? The facts, and case law, say yes.

To be sure, the Complaint alleges, and the forensic evidence Tesla has submitted to date demonstrates irrefutably, that Defendant Li accessed Tesla's confidential information when it was outside the scope of his employment to do so. *See* Compl. ¶ 33. Defendants do not seriously challenge the vast majority of Tesla's evidence. Tesla filed this Motion because, despite repeated requests by Tesla, Defendants *still* have refused to confirm they do not possess Tesla's trade secrets, or that they will not use or disclose Tesla's trade secrets. These omissions alone constitute good cause for the Court to grant Tesla's Expedited Discovery Motion.

Rather than plainly stating that they do not possess—and have not used—Tesla's trade secrets, Defendants claim that Tesla has not sufficiently identified the trade secrets at issue. That is false, and beside the point. At this stage in the proceedings, Tesla's Complaint more than adequately alleges Defendants' misappropriation of trade secrets, and certainly demonstrates good cause for this discovery request. Tesla's PI Motion went even further by providing Defendants exactly what they asked for in their pre-litigation request—a list of specific Tesla trade secret files Defendant Li accessed and/or modified shortly before resigning, on dates when he was soliciting venture capital and laying the groundwork for a directly competing venture. *See* Dkt. 30-1 (Hui Decl. at ¶ 5) ("I specifically asked Mr. Ahearn to identify the particular

Gibson, Dunn & Crutcher LLP

information belonging to Tesla that it believed had been allegedly misappropriated, or any file paths that Tesla believed had been accessed without authorization."); Dkt. 14-33; 44-4 (Liang Decl. & Ex. A). Tesla's evidence includes precise file names, timestamps, and access logs, *see id.*; Dkt. 44-4 (Liang Decl., Ex. A)—enough to allow Defendants to understand the claims and respond—even according to them. *See* Dkt. 30-1 (Hui Decl. at ¶ 5).

Defendants also claim that Tesla has failed to show it will be irreparably harmed absent expedited discovery—but this is a requirement for a preliminary injunction, *not* a motion for expedited discovery. Defendants fail to meaningfully engage with the factors courts actually consider when granting expedited discovery. Those factors all weigh in Tesla's favor here. Tesla's discovery requests, which are attached to its Opening Brief ("Mot."), demonstrate that Tesla seeks focused discovery regarding use or disclosure of its trade secrets that is directly relevant to Tesla's pending preliminary injunction motion and tailored to assist the Court in granting any concomitant relief. Tesla is clearly entitled to this discovery and Defendants have not explained why it is unduly burdensome to comply with these requests on an expedited basis (and only two months before initial disclosures are due, *see* Dkt. 8).

As such, Tesla respectfully requests the Court grant its motion for expedited discovery so that the parties and the Court can utilize the "fruits of discovery" in advance of resolution of Tesla's preliminary injunction motion.

II. **Argument**

A. **Defendants Do Not Refute that They Are in Possession of Tesla's Trade Secrets and They Fail to Provide Any Assurances that They Will Not Use Tesla's Trade Secrets**

In 25 pages of briefing on this discovery motion, Defendants do not once address—let alone deny—whether they possess Tesla's trade secrets, or whether they will continue to use or disclose them. Defendants do not submit a Declaration from Defendant Li denying he misappropriated Tesla's trade secrets.[1] Nor do they deny that Proception's robotic hand is built

---

[1] Instead, Defendants include their corporate counsel's declaration recounting his unsupported statement—seemingly made without any investigation—that he "explained that Mr. Li did not misappropriate any proprietary or confidential information belonging to Tesla." Dkt. 40-2, ¶ 4.

2

on the Tesla technology Defendant Li continued to access in the months preceding Proception's founding. Instead, Defendants submit a third party forensic expert declaration apparently confirming that Defendant Li accessed some of the data that Tesla's records indicate he accessed. *See, e.g.*, Dkt. 40-22, ¶ 30. If Defendant Li's reasons for accessing this data were innocuous, he could (and should) have said so in Defendants' voluminous submissions. He did not. This glaring omission speaks volumes—especially in the face of strong evidence suggesting misappropriation, *see infra* II.B.—and only underscores the need for expedited discovery to get to the bottom of Tesla's very serious and well-supported allegations. *See* Mot. at 7; *Comet Techs. U.S. of Am. Inc. v. Beuerman*, No. 18-CV-01441-LHK, 2018 WL 1990226, at *7 (N.D. Cal. Mar. 15, 2018) (granting expedited discovery where "[q]uickly determining what information Defendant removed from Plaintiff, and whether and how Plaintiff's information is being used by Plaintiff's competitors is essential in order to minimize any harm to Plaintiff's competitive position"); *Citibank, N.A. v. Mitchell*, No. 24-cv-08224-CRB, 2024 WL 4906076, at 6–7* (N.D. Cal. Nov. 26, 2024) ("District courts in the Ninth Circuit regulatory permit expedited discovery in cases that, like this one, implicate claims of improper use of confidential information or trade secrets.").

Defendants' statement that they are "preserving documents" in compliance with their obligations under the Federal Rules does not change the need for expedited discovery here—it is no substitute for assurance that they will not use or disclose Tesla's trade secrets. *See* Opp. Br. at 30. And the single case cited by Defendants for the proposition that preserving documents is sufficient to defeat a motion for expedited discovery—*Monterey Bay Military Housing, LLC v. Ambac Assurance Corp.*, No. 17-cv-04992 BLF, 2017 WL 11811080, at *1 (N.D. Cal. Sep. 22, 2017)—is inapposite. There, the plaintiff had already obtained substantial discovery in a related state action, including a forensic examination, and there was no preliminary injunction pending.

### B. Tesla Has Met Its Obligations Under CCP 2019.210

Defendants also argue that Tesla has not sufficiently identified its trade secrets to proceed with expedited limited discovery. Assuming this Court applies Cal. Code Civ. Proc. section 2019.210 here, this is incorrect.

A trade secret plaintiff "need not spell out the details" of the alleged trade secrets, but must only "describe the subject matter with sufficient particularity" to distinguish it from matters within general or specialized knowledge within the relevant field, and to permit the defendant to "ascertain at least the boundaries within which the secret lies." *Cisco Sys., Inc. v. Chung*, 462 F. Supp. 3d 1024, 1047 (N.D. Cal. May 26, 2020). Tesla has satisfied this standard. Where a plaintiff "identifie[s] specific key aspects of its [trade secrets] that it claims [defendants] misappropriated" the plaintiff "sufficiently identifie[s] the information it alleges is a trade secret." *Integral Dev. Corp. v. Tolat*, 675 F. App'x 700, 703 (9th Cir. 2017). In *WeRide*, the court found trade secrets were sufficiently identified where the party "describe[d] the functionality of each trade secret," "*name[d] numerous files* in its code base . . . that reflect the source code specific to each alleged trade secret," and identified unique algorithms as a trade secret while providing factors developers consider in creating algorithms. *See WeRide Corp. v. Kun Huang*, 379 F. Supp. 3d 834, 846–47 (emphasis added). Similarly in *Social Apps, LLC v. Zynga, Inc.*, the court ruled that "identifying specific lines of code or *file names* [was] sufficiently detailed to identify" the alleged trade secret. No. 4:11–CV–04910 YGR, 2012 WL 2203063, at *4 (N.D. Cal. June 14, 2012) (emphasis added).

Here, Tesla's PI Motion identified specific documents inappropriately accessed by Defendant Li prior to leaving the Company and provided descriptive file paths identifying the specific location of Tesla's files (which included the relevant file names). Dkt. 44-4 (Liang Decl. Ex. A). A declaration from an Optimus engineer further describes the content of these files and explains why the documents are confidential and highly valuable and how their disclosure would harm Tesla. Dkt. 14-32 (Pinto Decl.). Nothing more is required under CCP § 2019.210.

Significantly, identifying the "file paths that Tesla believed had been accessed without authorization" (Dkt. 30-1 (Hui Decl.) ¶ 5) is also sufficient because it is exactly what Defendants requested when Tesla initially approached them to confirm they were not using or disclosing Tesla's confidential information and trade secrets. *See generally Perlan Therapeutics, Inc. v. Superior Ct.*, 178 Cal. App. 4th 1333, 1349 (2009) (The court "must exercise its sound discretion in determining how much disclosure is necessary to comply with section 2019.210 *under the circumstances of the case*.") (emphasis added); *see also Brescia v. Angelin*, 172 Cal. App. 4th 133, 149 (2009) ("[T]he designation should be liberally construed, and reasonable doubts about its sufficiency resolved in favor of allowing discovery to go forward."). Now that they are confronted with that evidence, they have changed their tune.

Defendants' flippant "identification" argument that the proprietary technology on which the Optimus hand is built could be "easily calculated using publicly available tools" (Opp. Br. at 22) is belied by this substantial work embodied in the numerous files Defendant Li accessed on his way out the door—and by common sense. *See Joshua David Mellberg LLC v. Will*, 96 F. Supp. 3d 953, 978 (D. Ariz. 2015) (client lists, training information, and data reflecting effectiveness of strategies were based on data arrived at after years of development of data and therefore not mere general knowledge). Tesla has described the substance of the trade secrets at issue, provided the names and locations of the files that Defendants misappropriated, and articulated how those files are tied to its trade secrets allegations. Dkt. 17-4 (Declaration of Prem Pinto) ¶ 5; Dkt. 44-4 (Liang Decl., Ex. A). Defendants' assertion that Tesla has failed to show the proprietary nature of these documents is simply incorrect.[2]

Defendants also argue that Tesla's allegations are deficient because it has not provided the documents it claims contain trade secrets. But this argument is unsupported. Indeed, Defendants concede—as they must—that Tesla does not have to "reproduc[e] the text of those documents," so long as it describes what the trade secret is. *See Carl Zeiss X-Ray Microscopy,*

---

[2] Tesla even moved to seal these file names and paths because they "contain confidential and proprietary information on Tesla's networks" and are "closely guarded trade secret files related to the development of Tesla's Optimus humanoid robot." Dkt. 17 at 1.

*Inc., v. Sigray, Inc.*, No. 21-cv-01129-EJD (VKD), 2021 WL 5197215, at *4 (N.D. Cal. Nov. 9, 2021). Tesla has done so in its papers.

### C. Defendants Fail to Engage with the Factors Courts Consider on a Motion for Expedited Discovery

#### 1. The Five Factors Courts Consider on a Motion for Expedited Discovery Favor Tesla

In deciding whether to grant expedited discovery, courts consider "(1) whether a preliminary injunction is pending; (2) the breadth of the discovery request; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made." *Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11–CV–01846–LHK, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011). Defendants only meaningfully address the second of these factors, but all of them favor granting Tesla's Motion.

**Factor 1 (PI status)**: Courts consistently permit expedited discovery in trade secrets cases where, as here, a preliminary injunction motion is pending. *See, e.g.*, *Dairy, LLC v. Milk Moovement, Inc.*, 2022 WL 378838, at *3 (E.D. Cal. Feb. 8, 2022) ("The pendency of the preliminary injunction motion and the related purpose of the discovery both weigh in favor of allowing early discovery."); *Eurofins Elec. & Elec. Testing NA, LLC v. SGS N. Am. Inc.*, No. 5:24-cv-06340-EJD, 2024 WL 4453315, at *1 (N.D. Cal. Oct. 8, 2024) ("Not only will limited expedited discovery aid the Court in determining whether a preliminary injunction is appropriate here, but it will also be particularly useful [to] clarify for the parties whether there was, in fact, a misappropriation of trade secrets").

**Factor 2 (breadth of discovery)**: Defendants argue that Tesla's discovery requests are overly broad. Opp. Br. at 23–30. But that argument collapses under the weight of precedent and the specific tailoring of Tesla's requests. Courts routinely grant expedited discovery where the requests are narrowly focused, tied to a pending preliminary injunction, and temporally limited—criteria Tesla's requests meet.

Tesla's focused set of discovery requests ask Defendants to do the following:

- Identify all Tesla proprietary information currently in Defendants' possession, including storage locations and devices;
- Describe any instances where Tesla's trade secrets or proprietary information were shared with third parties;
- Produce documents showing any use or reference to Tesla's materials, including drafts, plans, or communications about the Optimus project;
- Allow Tesla's third-party forensic expert to inspect and image specific devices and accounts to recover or confirm the presence of its proprietary information;
- Depose Defendant Proception's corporate representative on the developing, marketing, and use of Tesla's trade secrets; and
- Depose Defendant Li regarding his knowledge of and actions involving Tesla's proprietary materials and his role in founding Proception. *See* Dkt. 15-1–6.

This discovery is targeted at ascertaining (1) who received Tesla's confidential information and trade secrets, (2) what they did with that information, and (3) whether they still have it—core issues in this misappropriation case. This is precisely the kind of targeted discovery courts approve in trade secret cases. *See, e.g.*, *MedImpact Healthcare Sys., Inc. v. IQVIA Holdings, Inc.*, No. 19cv1865-GPC-LL, 2019 WL 6310554, at *3 (S.D. Cal. Nov. 25, 2019) (finding in part that the scope of RFPs was narrowly tailored to items related to the "allegedly infringing services or products offered, given, or received by Defendants"). In *Veeder-Root Fuelquest, LLC v. Wisdom*, the court held that expedited discovery seeking two sets of RFPs, two depositions, and the forensic analysis of all of the defendant's devices was reasonable "given the forensic analysis demonstrating irregular and suspicious activity with regard to [Defendant's] use of Plaintiff's confidential information." No. 2:21-cv-00352-RAJ, 2021 WL 1209257, at 3–5* (W.D. Wash. Mar. 31, 2021). So too here, in light of the voluminous evidence—almost entirely unchallenged—of Defendant Li's suspicious access and download activity in the weeks leading up to his departure from Tesla.

Defendants' overbreadth cases, in comparison, are inapposite. In *Henry Schein, Inc. v. Cook*, for example, the court denied a request for early access to "private data" largely unrelated

to the case, and the plaintiff failed to show any urgency justifying expedited discovery. 191 F. Supp. 3d 1072, 1079 (N.D. Cal. 2016). Tesla, by contrast, has shown a compelling need to obtain forensic evidence before its trade secrets are further disseminated. *See* Dkt. 14 (PI Motion) at 28–30; Dkt. 17-4 (Pinto Decl.) ¶¶ 5–6. Similarly, in *American LegalNet, Inc. v. Davis*, the discovery requests lacked any limitation on the forensic expert's access. 673 F. Supp. 2d 1063, 1069 (C.D. Cal. 2009). Here, Tesla has limited its requests to specific devices, accounts, and documents likely to contain proprietary information.

Defendants also object to Tesla's use of the term "Proprietary Information," but this is a contractually-defined term that Defendant Li agreed to years ago. *See* Opp. Br. at 21; Dkt. 14-20 (Ahearn Decl., Ex. A). Further, the "Definitions and Instructions" section of each set of discovery requests supplies that same definition of "Proprietary Information," which aligns with the allegations in this case and only encompasses relevant information such as "technical data," "trade secrets," "research and development," "designs," and "source and objects." *See, e.g.*, Dkt. 15-1 at 4. If there were any reasonable dispute about what information Defendant Li was supposed to protect—and in turn, what he is *not* permitted to use or disclose now—he could have worked with Tesla to understand those parameters through search terms or otherwise. He instead chose to stonewall.

Tesla's discovery requests are grounded in specific factual allegations and carefully tailored to the relief sought. This discovery will aid the Court in the resolution of the pending preliminary injunction, and the responses and documents are "likely to be central to [the] motion for preliminary injunction." *Apple Inc.*, 2011 WL 1938154, at *2.

**Factor 3 (purpose of discovery)**: Tesla has shown that expedited discovery is necessary to prevent further misappropriation of its trade secrets. *See Comet Techs.*, 2018 WL 1990226, at *7. Any dissemination of Tesla's trade secrets risks irreversible harm, as broad exposure to unknown third parties could result in the trade secrets being "lost forever." *Genentech, Inc. v. JHL Biotech, Inc.*, No. C 18-06582 WHA, 2019 WL 1045911, at *19 (N.D. Cal. Mar. 5, 2019); *see also Waymo LLC v. Uber Technologies, Inc.*, No. C 17-00939 WHA, 2017 WL 2123560, at *11 (N.D. Cal. May 15, 2017) ("any Waymo trade secret used in defendants' technology may

be destroyed via disclosure" to regulatory bodies).  Expedited discovery is therefore critical to understanding the full scope of the harm and developing the evidentiary record in support of Tesla's preliminary injunction motion, before Defendants' conduct could cause irreversible damage.

**Factor 4 (no burden)**:  Defendants argue that the requested discovery would "impose significant costs and burdens on Defendants, who are a nascent company and an individual," and that such burden outweighs the need for expedited discovery.  Opp. Br. at 30.  However, Defendants fail to "provide[] any evidence describing the nature of the burden." *Praecipio Consulting, LLC v. Howser*, No. 25-cv-02927-JST, 2025 WL 1084766, at *2 (N.D. Cal. Apr. 10, 2025).  To demonstrate that discovery is unduly burdensome, Defendants "'must provide sufficient detail regarding the time, money and procedures required to product the requested documents.'" *Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015) (internal citation omitted).  Defendants' vague, unsupported claims of burden, without more, are insufficient.  *Cf. id.*; *Anthony v. Iron Mountain Inc.*, No. CV 20-5932 AB (ASx), 2021 WL 12310802, at *3 (C.D. Cal. Oct. 4, 2021) (rejecting defendant's burden objections to discovery where party had not "provided any evidence describing the nature of the burden").[3]

**Factor 5 (Timing)**:  Defendants do not dispute Tesla's argument as to the fifth factor: that delaying discovery until the August 26, 2025 Rule 26(f) conference would undermine the purpose of Tesla's preliminary injunction motion—namely, to prevent the ongoing use and dissemination of its trade secrets.  Mot. at 7.

### 2. Defendants' Invented Requirement for Expedited Discovery Should Be Rejected

Defendants also wrongly argue that Tesla has failed to demonstrate a risk of irreparable harm absent expedited discovery—conflating the instant motion with Tesla's preliminary injunction motion.  But not a single case cited by Defendants reads an irreparable harm requirement into a motion for expedited discovery.  *See* Opp. Br. at 9–10; *Total Access*

---

[3] Moreover, it bears noting that Defendants could have avoided much of these costs by cooperating with Tesla before this lawsuit was filed.  They chose not to.

*Payments, Inc. v. Maximum Bus. Innovations, Inc.*, No. CV 10-5475-GHK(RCx), 2010 WL 11552973, at *2 (C.D. Cal. Aug. 3, 2010) (denying motion for expedited discovery where movant "does not specify the nature of the expedited discovery it seeks to conduct"); *Hopscotch Adoptions, Inc. v. Kachadurian*, No. CV F 09–2101 LJO GSA, 2009 WL 4782160, at *2 (E.D. Cal. Dec. 7, 2009) (denying motion for expedited discovery where "requested expedited discovery is overbroad, unreasonable and unacceptable without a connection to identifiable need"); *Cleanfish, LLC v. Sims*, No. 19-CV-03663-HSG, 2019 WL 2716293, at *5 n.4. (N.D. Cal. June 28, 2019) (denying motion for expedited discovery where "balance of the equities and the consideration of public interest favors denial"). Defendants' distorted recounting of the parties' pre-litigation discussions is thus wholly irrelevant to this motion. *See* Opp. Br. at 10–13.[4]

Regarding Tesla's alleged "delay" in seeking injunctive relief, over the last two months, Tesla engaged outside counsel, conducted an investigation, and reached out to Defendants' counsel multiple times before bringing claims against a former employee, which it viewed as a last resort. Dkt. 14-19 (Ahearn Decl.); Dkt. 14-18 (Ahearn Decl., Ex. Q); Dkt. 14-30 (Ahearn Decl., Ex. K); Dkt. 14-31 (Ahearn Decl., Ex. L). Defendants failed to work cooperatively to assuage Tesla's concerns, necessitating Tesla to file this action.

### D. Defendants' Merits Arguments Are Incorrect and Irrelevant to this Motion

Defendants do not challenge the vast majority of the substantive evidence supporting Tesla's Preliminary Injunction Motion. Instead, Defendants go to great lengths to undermine minor details in the Declaration of Jeff Liang, an information security expert at Tesla responsible for the diligent investigation into Defendant Li's access of sensitive hand-related files in the two months leading up to his departure. These exaggerated criticisms are irrelevant to the instant Motion. For example, Defendants attempt to discredit Exhibit A to Mr. Liang's declaration for

---

[4] Defendants implicitly concede that this argument is misplaced when they conclude that "[c]ourts will find there is no irreparable harm where a party has delayed seeking injunctive relief," and then cite a series of inapposite decisions, which address the irreparable harm requirements for TRO and preliminary injunction motions. Opp. Br. at 12.

inadvertently omitting four entries (Tab J) and cutting off a few columns on a page (Tab A).[5] These omitted entries and columns (corrected shortly after they were brought to counsel's attention) do not impact the accuracy, and in fact fully support, Mr. Liang's statements in his June 16, 2025 declaration that Defendant Li continued to access sensitive hand and sensor-related files until 8:55pm Pacific (well after business hours) on his final day of employment at Tesla. Declaration of Liang in Support of Plaintiff's Reply Brief ("Reply Liang Decl.") ¶ 7. Moreover, the UserAgent column in the corrected Tab A makes clear, as Mr. Liang attests, that Defendant Li downloaded two sensitive files to the iPhone from the Optimus Gen4 Forearm FT Sensing SharePoint. *See* Dkt. 14-33 (Liang Decl. ¶ 6(a); Reply Liang Decl. ¶¶ 5–6.

Similarly, Defendants' reckless assertion that "Tesla sought to prevent this Court from evaluating exculpatory evidence after filing this action" (Opp. Br. at 7), is simply false. Tesla filed a corrected excerpt of an exhibit after realizing that the excerpt filed inadvertently included additional pages that disclosed sensitive, non-public file names related to the development of Tesla's Optimus robot. *See* Dkt. 19. Tesla subsequently agreed Defendants could use the file to oppose its PI Motion. *See* Dkt. 40-18 (Venkatesan Decl., Ex. 17) at 2. Rather than present a declaration from Mr. Li explaining any of the communications in the documents, Defendants speculate as to what "appear[s] to be" in the document. Opp. Br. at 9. Again, Defendant Li, himself, is silent.

### III. Conclusion

For the foregoing reasons, Tesla respectfully requests the Court grant its motion for expedited discovery.

---

[5] In preparing Exhibit A to the Declaration of Jeff Liang, four entries from Defendant Li's September 14, 2024 (UTC) access history in Tab J and the UserAgent, EventSource, Department, Title, and Manager columns in Tab A were inadvertently excluded. Dkt. 44-1 (Declaration of Angelique Kaounis) ¶ 2–3.

| | |
|---|---|
| DATED: July 2, 2025 | Respectfully submitted, |
| | GIBSON, DUNN & CRUTCHER LLP |

    By: */s/Josh Krevitt*
Josh Krevitt, Bar No. 208552
    JKrevitt@gibsondunn.com
310 University Avenue
Palo Alto, CA 94301-1744
Telephone: 650.849.5300

Orin Snyder (admitted *hac vice*)
    OSnyder@gibsondunn.com
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000

Angelique Kaounis, Bar No. 209833
    AKaounis@gibsondunn.com
2000 Avenue of the Stars, Suite 1200N
Los Angeles, CA 90067-4700
Telephone: 310.552.8500

*Attorneys for Plaintiff*
TESLA, INC.