JAIDEEP VENKATESAN, SBN 211386
jvenkatesan@be-law.com
CAROLINE McINTYRE, SBN 159005
cmcintyre@be-law.com
PETER SOSKIN, SBN 280347
psoskin@be-law.com
BERGESON LLP
111 N. Market Street, Suite 600
San Jose, California 95113
Telephone: (408) 291-6200
Facsimile: (408) 297-6000

Attorneys for Defendants
PROCEPTION, INC. and ZHONGJIE "JAY" LI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| TESLA, INC., a Texas Corporation,<br><br>Plaintiff,<br><br>v.<br><br>PROCEPTION, INC., a Delaware Corporation, and ZHONGJIE "JAY" LI, an individual,<br><br>Defendants. | Case No. 5:25-cv-04963-SVK<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REPLY RE MOTION FOR EXPEDITED DISCOVERY AND "CORRECTED" EXHIBIT A TO THE DECLARATION OF JEFF LIANG**<br><br>Judge:  The Honorable Susan van Keulen<br>Date:   July 3, 2025<br>Time:   9:30 a.m. |

1    Defendants Proception, Inc. ("Proception") and Zhongjie "Jay" Li ("Li") hereby object to
2    Plaintiff Tesla, Inc.'s ("Tesla") new evidence submitted with its Reply Brief in support of its
3    Motion for Expedited Discovery and to the "corrected" Exhibit A filed by Tesla to the Declaration
4    of Jeff Liang in support of its Motion for Preliminary Injunction (the "Liang Declaration"). Dkts.
5    43-44. Pursuant to the Court's June 26, 2025 Order Setting Briefing Schedule (Dkt. 37),
6    Defendants filed their opposition to Tesla's Motion for Expedited Discovery on June 30, 2025
7    (Dkt. 40) (Defendants' "Opposition" to Tesla's "Motion"). In their Opposition, Defendants
8    highlighted factual discrepancies and deficiencies in the Liang Declaration, including as to the
9    timing of Li's alleged access to the Tesla SharePoint drive and Mr. Liang's citation to his Exhibit
10   A to support his statements. As explained in Defendants' Opposition, the errors in these
11   statements and exhibits were relevant to Defendants' position that Tesla should not be permitted
12   expedited discovery because it has not provided evidence from which reasonable inferences could
13   be drawn for expedited discovery or a preliminary injunction – and Tesla should not be allowed to
14   conduct a fishing expedition for evidence to support claims it had no basis to allege.

15   On July 1, 2025, at around 9 PM, Tesla filed a "Corrected" Exhibit A to Mr. Liang's
16   declaration. This Exhibit A includes a revised Tab J that purports to include additional evidence
17   regarding Li's alleged access to documents on Tesla's SharePoint and provides columns for Tab A
18   that were missing from the originally filed Exhibit A. Tesla followed by filing its reply brief with
19   a new declaration of Mr. Liang, which concedes and attempts to explain the errors raised in
20   Defendants' Opposition.

21   This is the third correction Tesla has made to its Motion for Preliminary Injunction,[1]
22   though Tesla took two months to prepare that Motion as well as its concurrently-filed Motion for
23   Expedited Discovery, which it requested be heard on shortened time.  Tesla's submission of new
24   evidence and attempt to correct the deficiencies in its proffered evidence should not be
25   countenanced, particularly on the eve of the hearing given the shortened time frame Tesla

---

[1] Tesla initially failed to file a public version of Tab I to exhibit A, which it subsequently filed after that was noted by Defendants, and then replaced its originally filed Exhibit F to the Liang Declaration with a version that omitted relevant evidence.

1

DEFENDANTS' OBJECTIONS TO PLAINTIFF'S REPLY AND "CORRECTED" EXHIBIT A TO THE
DECLARATION OF JEFF LIANG, Case No. 5:25-cv-04963-SVK

1  demanded. Defendants respectfully request that the Court not consider Tesla's newly proffered
2  evidence without giving Defendants an opportunity to respond. See *Provenz v. Miller*, 102 F.3d
3  1478, 1483 (9th Cir. 1996) ("We agree with the Seventh Circuit, which held that '[w]here new
4  evidence is presented in a reply to a motion for summary judgment, the district court should not
5  consider the new evidence without giving the [non-]movant an opportunity to respond.'")
6      Defendants further respectfully request that the errors in Tesla's exhibits and its
7  subsequent corrections underscore that Tesla has not met its burden of providing evidence from
8  which reasonable inferences can be made to justify expedited discovery. *Am. LegalNet, Inc. v.
9  Davis*, 673 F. Supp. 2d 1063, 1067 (C.D. Cal. 2009) (denying expedited discovery because "there
10 is no evidence, and no reasonable inference can be drawn" supporting the plaintiff's claim). To the
11 extent additional evidence would be useful, it would be a complete production from Tesla of
12 Microsoft Office 365 and Splunk logs from Tesla, rather than the selective and repeatedly
13 modified versions presented by Tesla in its motion papers.

14 Dated: July 2, 2025                BERGESON LLP

16                                    By: _____
                                          Jaideep Venkatesan, SBN 211386

18                                    Attorneys for Defendants
                                      PROCEPTION, INC. and ZHONGJIE "JAY" LI