UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESLA, INC.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PROCEPTION, INC., et al.,<br><br>　　　　Defendants. | Case No. 25-cv-04963-SVK<br><br>**TENTATIVE RULING ON EXPEDITED DISCOVERY**<br><br>Re: Dkt. No. 15 |

　　　　Before the Court is Tesla, Inc.'s ("Tesla") Motion for Expedited Discovery (the "Motion") sought in support of its preliminary injunction. Dkt. 15. The Parties have submitted briefing in accordance with this Court's scheduling order, (Dkt. 37), and the Court now provides the follow **TENTATIVE RULING** in advance of the July 3, 2025 hearing.

　　　　Defendants' arguments that Tesla's claims are not sufficiently supported and that Tesla has caused its own exigency are not clearly relevant to five factors of the "good cause" analysis governing the Motion; they are better addressed as arguments on the merits of whether a preliminary injunction should issue. Tesla has shown good cause for expedited discovery in support of its preliminary injunction motion, with limitations arising out of Defendants' valid concerns regarding the breadth of Tesla's requests and the burden on Defendants.[1]

　　　　Accordingly, the Court is inclined to **GRANT-IN-PART** and **DENY-IN-PART** Tesla's requested expedited discovery, as follows:

- The Court **GRANTS** RFP no. 1 and Interrogatory nos. 1-2, subject to a sufficiently tailored definition of the information at issue. As just one example, documents and

---

[1] Defendants' argument that one of Tesla's asserted purposes, the prevention of document destruction, is unsupported at this stage is also well-taken; indeed, Tesla does not stand on this purpose in its reply. However, Tesla's other purposes remain valid and, at best, this issue goes to the urgency of the expedited discovery but does not defeat the propriety thereof.

communications relating to Tesla's "Optimus" project would be appropriate. The Parties shall **meet and confer** and **be prepared to discuss proposals to narrow these discovery requests at the hearing**;

- The Court **DENIES for purposes of expedited discovery, without prejudice,** RFP no. 2. The proper scope of this RFP is covered by a narrowed form of RFP no. 1;

- The Court **DENIES for purposes of expedited discovery, without prejudice,** RFP No. 3 and Tesla's requests for a complete forensic investigation as lacking good cause due to breadth and burden;

- The Court **GRANTS** RFP No. 4;

- The Court **DENIES for purposes of expedited discovery, without prejudice,** Interrogatory no. 3 as cumulative of Interrogatory no. 2; and

- The Court **GRANTS** a deposition of Defendant Li and a 30(b)(6) deposition of Defendant Proception, consistent with RFP no. 1 and Interrogatory nos. 1-2 as granted. The Parties should **meet and confer** as to an appropriate scope for these depositions and **be prepared to discuss such scope at the hearing**.

The Court further **ORDERS** as follows:

The Parties are to be prepared to address the definitions of "Tesla's Proprietary Information" and "Tesla's information," as used in Tesla's proposed requests and deposition notices, at the hearing.

The Parties are to **discuss and propose a timeline, or competing timelines if they cannot reach agreement,** for the expedited discovery to be completed.

**SO ORDERED.**

Dated: July 2, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge