UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TESLA, INC.,

Plaintiff,

v.

PROCEPTION, INC., et al.,

Defendants.

Case No. 25-cv-04963-SVK

**ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR EXPEDITED DISCOVERY**

Re: Dkt. No. 15

On June 11, 2025, Tesla filed this action against Zhongji "Jay" Li ("Li") and Proception, Inc. ("Proception") alleging that Defendants misappropriated certain trade secrets relating to Tesla's development of its autonomous humanoid robot internally referred to as "Optimus." Dkt. 1. Before the Court is Tesla, Inc.'s ("Tesla") Motion for Expedited Discovery (the "Motion") sought in support of its pending preliminary injunction. Dkt. 15. The Parties submitted briefing in accordance with this Court's scheduling order, (Dkt. 37), the Court issued a tentative order (Dkt. 47) and this matter came on for hearing on July 3, 2025. The Court's rulings and reasoning for same are as set forth on the record and summarized here for the convenience of all concerned.[1]

Courts have authority to order expedited discovery pursuant to Federal Rule of Civil Procedure 26(d)(1) so long as "there is good cause to depart from the usual discovery process." *Citibank, N.A. v. Mitchell*, No. 24-cv-08224-CRB 2024 WL 4906076, at *6 (N.D. Cal. Nov. 26, 2024). In assessing whether good cause exists, courts in this District

> commonly consider factors including: (1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.

[1] In the event of a discrepancy between the Court's oral ruling and this written Order, the Order controls.

United States District Court
Northern District of California

*Apple Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2011 WL 1938154, at *1 (N.D. Cal. May 18, 2011).[2]

In applying the good cause factors, the Court finds that the first and fifth factors weigh in favor of expedited discovery: Tesla has a preliminary injunction pending, (*see* Dkt. 14), and the timing of the discovery requests is appropriate in light of that pending motion.

The third factor also weighs in favor of granting expedited discovery because, based on the circumstantial and (limited) direct evidence alleged in the Complaint and sworn to by Tesla's witness, Jeff Liang, a "Staff Investigator" in Tesla's "Security Intelligence" department, Tesla has demonstrated that the discovery is sought for the purpose of supporting its preliminary injunction motion, assessing the scope of any potential injunction and to prevent further alleged misappropriation of its trade secrets. *See, generally*, Dkt. 1; Dkts. 14-33 ("Liang Decl.").[3]

However, the second and fourth factors—the breadth and burden of the proposed discovery—weigh against the expedited discovery as originally proposed. In particular, Defendants arguments as to: (a) the meaning of "Tesla's information" or "Tesla's Proprietary Information" and (b) the initial lack of limitation on which devices and time periods must be searched are well-taken. *See* Dkt. 40 at 17-24.

The Court appreciates the Parties' subsequent efforts following this Court's tentative ruling, to confer in good faith to resolve these and other issues. Having heard the Parties further arguments and proposed agreements, the Court finds that good cause supports the following

---

[2] Some courts in other districts have applied a standard that more closely resembles the standard for preliminary injunctive relief, including assessing whether there is "irreparable injury," "some probability of success on the merits," and "some connection between the expedited discovery and avoidance of irreparable injury." *See Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 274–76 (N.D. Cal. 2002) (quoting the standard of *Notaro v. Koch*, 95 F.R.D. 403 (S.D.N.Y. 1982) and collecting cases following that standard). Courts in this District, however, have "reject[ed] the rigid *Notaro* standard" and applied the "more flexible good cause standard." *Id.* at 275-76. Accordingly, this Court does not address the merits of Defendants' arguments that Tesla's claims are not sufficiently supported and that Tesla has caused its own exigency. *See* Dkt. 40, §§ II-III.

[3] Defendants' objection, (Dkt. 46), to the Supplemental Liang Declaration, (Dkt. 45-1), and the corrected Ex. A thereto, (Dkt. 43), is **OVERRULED AS MOOT**. As the Court explained at the hearing, the circumstantial evidence already provided in this case is sufficient to justify some expedited discovery such that the Court need not rely on the Supp. Liang Decl. Additionally, as to the preliminary injunction motion, there is no prejudice to Defendants—who will have a chance to respond to the Supp. Liang Decl.—because briefing on that motion is currently suspended.

expedited discovery:

- **Modified Requests for Production ("Modified RFPs"):**
  - **Devices to be Searched:** In complying with the below Modified RFPs, Defendants shall search: Li's iPhone and Android phone identified in the Liang Decl.; Li's current smartphone; Li's personal laptop; and Li's company (Proception) laptop.
  - **Contents to be Searched:** All local contents of the above devices, as well as Li's personal and company (Proception) email accounts and the network or shared drives of Proception, Inc. As to the last category, the network or shared drives need **only** be searched for documents created by Li.[4]
  - **Time Periods to be Searched:** In complying with the below Modified RFPs, Defendants shall search for documents and communications between June 1, 2024 and June 1, 2025, inclusive.
  - **RFP no. 1 – GRANTED** as modified:

    Defendants shall search for and produce documents and communications embodying, identifying, describing, relating to, or referring to the Tesla or Optimus SharePoint addresses identified in Ex. A to the Liang Declaration that originated from Tesla, originated from Li while employed by Tesla or are derivative of such documents.
  - **RFP no. 2 – GRANTED** as modified:

    Defendants shall search for and produce documents and communications embodying, identifying, describing, relating to, or referring to any non-public information relating to Tesla's Optimus project that originated from Tesla, originated from Li while employed by Tesla or are derivative of such documents.

---

[4] If Defendants find that the search of the network or shared drives pose an undue burden considering the time allotted for expedited discovery, they shall promptly notify Tesla and the Parties shall meet and confer to determine if a subset or other less burdensome solution is sufficient.

- **RFP no. 3 – DENIED** without prejudice.
- **RFP no. 4 – GRANTED** as modified:

  Defendants shall search for and produce copies of any document or communication that includes (or at any time included) any of the file names or paths identified in Ex. A to the Liang Decl.

- **Modified Interrogatories:**
  - **Interrogatory no. 1** – **GRANTED** as modified:

    Defendants shall identify all persons to whom Li disclosed any non-public information relating to Tesla's Optimus project other than within the scope of his employment at Tesla.

  - **Interrogatory no. 2** – **GRANTED** as modified:

    Defendants shall identify any Electronic Devices or other storage locations (*e.g.* network servers, cloud storage, or email accounts) within their possession, custody or control that contain or at any time contained any documents or communications embodying, identifying, describing, relating to, or referring to any non-public information relating to Tesla's Optimus project that originated from Tesla, originated from Li while employed by Tesla or are derivative of such documents.[5]

  - **Interrogatory no. 3** – **DENIED** without prejudice.
- **Deposition(s):**
  - Tesla shall be entitled to take a deposition of Li and one 30(b)(6) deposition of Proception, to be limited in scope to: documents and communications produced in response to the Modified RFPs; Defendants' responses to the Modified Interrogatories; and general questions regarding Li's conduct relating to and after his departure from Tesla. Tesla may not otherwise question Li or

[5] As discussed on the record, Defendants may satisfy this obligation for the purposes of expedited discovery by identifying any locations on which documents responsive to the Modified RFPs are found **and** listing all other locations which, after discussion between counsel and Defendants, are reasonably believed to contain or have contained such documents.

Proception, as reflected on the record.[6]

Defendants' responses to the Modified RFPs, production of responsive documents and responses to the Modified Interrogatories are due **on July 21, 2025**. On the same day, Defendants shall report to Tesla the size of its anticipated privilege log, if any. Defendants shall provide a privilege log no later than **July 28, 2025**, and the Parties shall meet and confer in good faith to resolve any issues that may arise. The deposition(s) of Li and Proception shall be take place at a time and place mutually agreed upon by the Parties during the week of **August 4-8, 2025.**

The Parties may stipulate to a modest extension of these deadlines.

Upon completion of the deposition(s) of Li and Proception, the Parties shall meet and confer regarding briefing of Tesla's preliminary injunction motion. The schedule agreed to by the Parties shall allow time for a short, supplemental brief by Tesla limited to addressing the expedited discovery, an opposition by Defendants in accordance with the Local Rules, a reply by Tesla in accordance with the Local Rules and a hearing before this Court.

United States District Court
Northern District of California

**SO ORDERED.**

Dated: July 8, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

[6] For example, Tesla may not depose Li or Proception as to any instances of access on Ex. A for which no responsive documents were produced by Defendants. In addition, Tesla may not depose Li or Proception about Proception's development of its products.