GIBSON, DUNN & CRUTCHER LLP
JOSH KREVITT, SBN 208552
   jkrevitt@gibsondunn.com
310 University Avenue
Palo Alto, California 94301-1744
Telephone: 650.849.5300
Facsimile: 650.849.5333

ANGELIQUE KAOUNIS, SBN 209833
   akaounis@gibsondunn.com
2000 Avenue of the Stars, Suite 1200N
Los Angeles, California 90067-4700
Telephone: 310.552.8500
Facsimile: 310.551.8741

ORIN SNYDER (admitted *pro hac vice*)
   osnyder@gibsondunn.com
JEREMY BUNTING (admitted *pro hac vice*)
   jbunting@gibsondunn.com
200 Park Avenue
New York, New York 10166-0193
Telephone: 212.351.4000
Facsimile: 212.351.4035

*Attorneys for Plaintiff*
TESLA, INC.

TESLA, INC.
TERRY W. AHERN, SBN 216543
   tahearn@tesla.com
A. LOUIS DORNY, SBN 212054
   ldorny@tesla.com
KRISTA M. CARTER, SBN 225229
   kricarter@tesla.com
3000 Hanover Street
Palo Alto, California 94304
Telephone: 408.204.7384

*Attorneys for Plaintiff*
TESLA, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESLA, INC., a Texas Corporation,,<br><br>        Plaintiff,<br><br>v.<br><br>PROCEPTION, INC., a Delaware Corporation, and ZHONGJIE "JAY" LI, an individual,<br><br>        Defendants. | CASE NO. 5:25-cv-04963-SVK<br><br>**PLAINTIFF TESLA, INC'S STATEMENT IN SUPPORT OF SEALING CERTAIN CONFIDENTIAL MATERIAL IN DEFENDANTS' OBJECTION TO NEW EVIDENCE AND PROPOSED SUR-REPLY**<br><br>**Hearing:**<br>Date:    October 22, 2025<br>Time:   10:00 AM<br>Place:   San Jose Courthouse, Courtroom 6<br>           280 South 1st Street, San Jose, CA 95113<br><br>Hon. Susan van Keulen |

## INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 26(c) and Civil Local Rule 79-5, Plaintiff Tesla, Inc. ("Tesla") submits this statement in response to Defendants Zhongjie "Jay" Li's and Proception, Inc.'s Administrative Motion to Consider Whether Material Should be Sealed (the "Motion") (Dkt. 91). The Motion concerns the potential sealing of portions of Defendants' Objection to New Evidence and Exhibit A to Defendants' Administrative Motion for Leave to File Sur Reply In Support Of Opposition to Plaintiff's Motion for Preliminary Injunction.

Tesla respectfully requests the Court continue to seal select descriptive file names and vendor details, and the names of Tesla Optimus employees and interns in the aforementioned documents. The request for sealing of such information relating to the development of Tesla's Optimus is consistent with Tesla's previous motions to seal in this matter. *See generally* Dkts. 17, 44, 90.

The information that Tesla seeks to seal meets both the higher "compelling reasons" standard and the lower "good cause" standard for sealing under *Center for Auto Safety v. Chrysler Group*, *LLC*, 809 F.3d 1092 (9th Cir. 2016). Moreover, Tesla's request is "narrowly tailored to seek sealing only of sealable material" and does not indiscriminately seek to seal documents or portions of documents which do not contain sealable material. Civil L.R. 79-5(b).

As demonstrated by the Declaration of Terry Ahearn in Support of Plaintiff's Statement in Support of Sealing Certain Confidential Material in Defendants' Objection to New Evidence and Proposed Sur Reply ("Ahearn Decl."), attached hereto, the file names and vendor details, and references to Optimus team members sought to be sealed signal to competitors—or any would-be intruder into Tesla's electronic systems—the content of closely guarded trade secret files related to the development of Tesla's Optimus humanoid robot, as well as search terms that can be run to locate such documents. Without sealing, the names of files containing Tesla's trade secrets, confidential vendor identities, and sensitive details regarding Optimus workstreams, would be exposed—placing years of research and development in jeopardy. Moreover, revealing the names of current and former Tesla employees and interns would not only encroach upon their privacy interests, but subject Tesla and these employees to the risk of bad actors targeting them with cyberattacks in order to capitalize on their highly-sensitive and non-public work on Tesla's Optimus project.

Counsel for Tesla have reviewed and complied with Magistrate Judge Susan van Keulen's Standing Order on Administrative Motions to File Under Seal. Ahearn Decl. ¶ 2. Counsel for Tesla have also reviewed and complied with Civil Local Rule 79-5. *Id.*

**LEGAL STANDARD**

Courts have "broad discretion to permit sealing of court documents for, inter alia, the protection of 'a trade secret or other confidential research, development, or commercial information.'" *Hadley v. Kellogg Sales Co.*, No. 16-CV-04955-LHK, 2018 WL 7814785, at *1 (N.D. Cal. Sept. 5, 2018) (citing Fed. R. Civ. P. 26(c)(1)(G)). What constitutes a sufficient basis to seal a document is "best left to the sound discretion of the trial court," but sufficient grounds include "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)).

For the purposes of a sealing motion, a motion for preliminary injunction is a non-dispositive motion and therefore adjudicated under the "good cause" standard. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (finding that the documents attached to non-dispositive motions must only meet the lower "good cause" standard). Under the "good cause" standard, the movant must adduce a "particularized showing" that "specific harm or prejudice will result" if the information is disclosed. *Straight Path IP Grp., Inc. v. Cisco Sys., Inc.*, 411 F. Supp. 3d 1026, 1036 (N.D. Cal. 2019) (citing *Kamakana*, 447 F.3d at 1179–80). Because Tesla articulates herein the specific harms and prejudice that will result if this material is left unsealed, these narrowly tailored sealing requests should be granted. *See Kamakana,* 447 F.3d at 1180 ("A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.").

**THE COURT SHOULD SEAL SELECT DESCRIPTIVE FILE NAMES AND VENDOR DETAILS, AND THE PERSONALLY IDENTIFIABLE INFORMATION OF NON-PARTIES IN DEFENDANTS' OBJECTION TO NEW EVIDENCE AND SUR REPLY**

Tesla requests limited redactions of the internal file names of sensitive Optimus files subject to Tesla's stringent security measures and protocols. Tesla has cabined its request to only specific file names and the identity of external vendors, which reference descriptive and confidential information related to its Optimus humanoid robot. Under this Court's precedent and Local Rules, these limited proposed redactions qualify for protection from public disclosure and access.

First, these file names and vendor details identify valuable trade secret files and other non-public information related to the development of the Optimus hand, and could reveal confidential specifications. Ahearn Decl. ¶ 3. Disclosure of this information would prejudice Tesla by providing competitors and bad actors insights into the confidential components of the Optimus robot that could be used to get a head start on development of a humanoid robot (*id.*), a concern recognized by this Circuit that justifies sealing. *See Apple Inc. v. Psystar Corp.*, 658 F.3d 1150, 1162 (9th Cir. 2011) (finding redaction is appropriate where publication "could result in infringement upon trade secrets").

In addition to exposing Tesla to information security vulnerabilities and endangering its trade secrets, public disclosure of file names and vendor details, could signal to competitors the confidential strategy and focus areas of Tesla's Optimus development. Ahearn Decl. ¶ 4. These threats pose a serious risk to Tesla's competitive standing—a reality this Court repeatedly has taken great care to protect in similar situations. *See, e.g.*, *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-220, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (granting motion to seal under the compelling reasons standard to the extent it "may harm [the party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"); *MasterObjects, Inc. v. Amazon.com*, No. C 20-08103 WHA (N.D. Cal. Jan. 11, 2023) (finding that disclosure of "descriptive file names of specific source code files, and descriptive file paths . . . could cause [the movant] competitive harm").

Tesla additionally requests limited redactions of the names of current and former employees who presently work or have worked on the development of Tesla's Optimus. Under this Court's precedent and Local Rules, these limited proposed redactions similarly qualify for protection from public disclosure and access. Courts in this District have consistently found not just "good cause," but "compelling reasons" to seal personally identifiable information, including names, addresses, phone numbers, and email addresses. *UnifySCC v. Cody*, No. 5:22-CV-01019-BLF, 2024 WL 4752092, at *2 (N.D. Cal. Oct. 24, 2024); *see also Snapkeys, Ltd. v. Google LLC*, No. 19-CV-02658, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021). Further, non-party employees and former employees "have privacy interests in their personnel information, and in other sensitive identifying information such as dates of birth." *Murphy v. Kavo Am. Corp.*, No. CV 11 0410 YGR, 2012 WL 1497489, at *1 (N.D.

Cal. Apr. 27, 2012) (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003)). Since these Tesla employees are non-parties to the suit and such information is "not material to the merits of . . . [a dispositive] motion" (*UnifySCC*, 2024 WL 4752092, at *2), Tesla requests such personally identifiable information be redacted from the public docket.

### TESLA'S INTEREST IN SEALING OVERRIDES ANY PUBLIC INTEREST

In deciding whether a party's interest in sealing overcomes the public's interest in disclosure, courts consider: (1) the amount of material sought to be sealed (*see Algarin*, 2014 WL 690410, at *3); (2) the "public interest in understanding the judicial process" (*Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)), and (3) "whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets" (*id.*).

Each of these factors supports sealing the material requested by Tesla here. First, Tesla seeks to seal select portions of Defendants' Proposed Sur Reply and Objection to New Evidence (Dkt. 92, 93). *See Algarin*, 2014 WL 690410, at *3 (permitting sealing because party "only s[ought] to seal a limited amount of information"). It would be difficult for Tesla to formulate a more narrowly tailored or less restrictive request.

Second, sealing of this limited information about the descriptive file names, vendor details, and personally identifiable employee information does not impede the public's understanding of the judicial process as this information is not essential to the public's understanding of the merits of this case. Public understanding of the case does not hinge on the specific file names Tesla seeks to seal or the identities of its vendors. *See* Dkt. 14. Tesla employee names have no bearing on the public's understanding of—or this Court's ability to adjudicate—Defendants' wrongdoing. *Cf. Network Appliance, Inc. v. Sun Microsystems Inc.*, 2010 WL 841274, at *2 (N.D. Cal. Mar. 10, 2010) ("Here, although the [redactions] in question are attached to a dispositive motion, they had no bearing on the resolution of the dispute on the merits . . . .").

Third, disclosure of this information is likely to place Tesla at a competitive disadvantage, because, as described above, Tesla's competitors could use this sensitive information for their own gain. Ahearn Decl. ¶¶ 3–5.

For the foregoing reasons, Tesla respectfully requests that the Court seal the following:

| Document | Portions to be Filed Under Seal | Designating Party | Basis for Sealing |
|---|---|---|---|
| Dkt. 91-3, Exhibit A to Defendants' Administrative Motion for Leave to File Sur Reply ISO Opposition to Plaintiff's Motion for Preliminary Injunction | i:5 (name of Tesla employee)<br>1:8 (name of Tesla employee)<br>1:9 (sensitive Tesla vendor information)<br>1:21 (Tesla employee name)<br>1:23 (sensitive Tesla vendor information)<br>1:24 (Tesla employee name)<br>1:25 (Tesla employee name)<br>1:26 (Tesla employee name)<br>1:28 (Tesla employee name)<br>1:28 (sensitive Tesla vendor information)<br>2:1 (Tesla employee name)<br>2:1 (sensitive Tesla vendor information)<br>2:2 (sensitive Tesla vendor information)<br>2:3-4 (sensitive Tesla vendor information)<br>2:8 (Tesla employee name)<br>2:9 (sensitive Tesla vendor information)<br>2:22-23 (title of sensitive document related to Optimus)<br>2:25 (Tesla employee name)<br>2 n.1 (sensitive Tesla vendor information)<br>3:1-2 (title of sensitive document related to Optimus)<br>3:3 (Tesla employee name) | Tesla | These portions disclose personally identifiably information of non-party Tesla employees or interns that encroach upon their privacy interests. Additionally, these portions contain descriptive file names and vendor details related to trade secrets and/or the design and development of Tesla's Optimus technology, and could cause security vulnerabilities, endanger trade secrets, and inflict competitive harm on Tesla. *See* Ahearn Sealing Decl ¶¶ 3–5. |
| Dkt. 91-2, Defendants Objection to New Evidence and Argument in Plaintiff's Reply ISO Motion for Preliminary Injunction | 3:23 (sensitive Tesla vendor information) | Tesla | These portions disclose sensitive vendor details that could cause security vulnerabilities, endanger trade secrets, and inflict competitive harm on Tesla. *See* Ahearn Sealing Decl ¶¶ 3–5. |

| | |
|---|---|
| DATED: October 14, 2025 | Respectfully submitted, |
| | GIBSON, DUNN & CRUTCHER LLP |
| | By: */s/Josh Krevitt* |
| | Josh Krevitt, Bar No. 208552 |
| | JKrevitt@gibsondunn.com |
| | 310 University Avenue |
| | Palo Alto, CA  94301-1744 |
| | Telephone: 650.849.5300 |
| | |
| | Angelique Kaounis, Bar No. 209833 |
| | AKaounis@gibsondunn.com |
| | 2000 Avenue of the Stars, Suite 1200N |
| | Los Angeles, CA  90067-4700 |
| | Telephone: 310.552.8500 |
| | |
| | Orin Snyder (admitted pro hac vice) |
| | OSnyder@gibsondunn.com |
| | Jeremy Bunting (admitted pro hac vice) |
| | JBunting@gibsondunn.com |
| | 200 Park Avenue |
| | New York, NY  10166-0193 |
| | Telephone: 212.351.4000 |
| | |
| | *Attorneys for Plaintiff* |
| | TESLA, INC. |