UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TESLA, INC.,<br><br>   Plaintiff,<br><br> v.<br><br>PROCEPTION, INC., et al.,<br><br>   Defendants. | Case No. 25-cv-04963-SVK<br><br>**ORDER GRANTING IN PART THE PARTIES' MOTIONS TO SEAL RE PRELIMINARY INJUNCTION BRIEFING AND SUBMISSIONS**<br><br>Re: Dkt. No. 17, 44, 65, 70, 71, 90, 91 |

  Before the Court are various administrative motions to seal filed by the Parties in connection with Plaintiff's Motion for Preliminary Injunction (Dkt. 14) and subsequent briefing.[1] Dkts. 17, 44, 65, 70, 71, 90, 91. Pursuant to Civil L.R. 79-5(f), where required, Tesla has filed statements in support of the requested sealing. *See* Dkts. 81, 94. The sealing motions have been unopposed, except for Defendants' partial opposition of Tesla's sealing request at Dkt 81. *See* Dkt. 83. Thereafter, Tesla filed an amended statement in support of sealing, (*see* Dkt. 86), proposing narrowed redactions which Defendants have not opposed. Having considered the Parties' submissions, the relevant law and the record in this action, the motions are **GRANTED IN PART**.

  Courts recognize a "general right to inspect and copy public records and documents, including judicial records and documents." *Kamakana v. City & Cnty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 & n.7 (1978)). The standard for overcoming the presumption of public access to court records depends on the purpose for which the records are filed with the court. A party seeking to seal court records relating to motions that are "more than tangentially related to the underlying cause of action" must demonstrate "compelling reasons" that support secrecy. *Ctr. For Auto Safety v. Chrysler Grp.*,

---

[1] Pursuant to the Court's instruction at the hearing, the Parties may seek to redact portions of the currently-sealed Hearing Transcript (Dkt. 108) no later than November 22, 2025.

809 F.3d 1092, 1099 (9th Cir. 2016). For records attached to motions that are "not related, or only tangentially related, to the merits of the case," such as "a discovery motion unrelated to the merits of the case," the lower "good cause" standard applies. *Id.*; *see also Kamakana*, 447 F.3d at 1179. The requests at issue relate information submitted in support of Tesla's Motion for Preliminary Injunction, which relates to the merits of Tesla's misappropriation claims. Accordingly, the "compelling reasons" standard applies.

The Court appreciates the Parties' care in proposing narrow redactions, and Tesla's willingness to further narrow redactions upon objection by Defendants. Upon the Court's review, the primary material that the Parties continue to request remain under seal are specifics such as file names, file paths, employee names (of employees who have not submitted declarations in this case), team structure information and third-party vendor details. *See, generally*, Table below. Such material is of limited public value and its disclosure would cause harm both to Tesla, in the form of posing security vulnerabilities for Tesla's Optimus network, and specific employees of the Parties, in the form of disclosing personally identifiable information. Moreover, the Court does not refer to such sealed information in its accompanying Order, such that it is of limited public value. Accordingly, the Court finds compelling reasons to maintain such information under seal.

Additionally, in select cases Tesla has sought to seal sensitive project details related to its Optimus technology. For the most part, the Court agrees that the disclosure of such non-public and *specific* information would endanger Tesla's Optimus-related trade secrets and inflict competitive harm on Tesla. Moreover, the Court does not refer to any such highly sensitive information in its accompanying Order. Accordingly, the Court finds compelling reasons to maintain such information under seal, except as noted below.

In summary, the Court **GRANTS IN PART** the Parties' motions to seal as follows:

| Document | Portions to Be Sealed | Court Ruling |
|---|---|---|
| First Declaration of Prem Pinto in Support of Preliminary Injunction<br><br>[Dkt. 17-4] | Highlighted portions at ECF pages:<br>3:12-13 (filename)<br>3:20 (filename)<br>3:26-27 (filename)<br>4:5 (filename)<br>4:13 (filename)<br>4:28-5:1 (filenames)<br>5:21 (filenames) | For the reasons explained above, **GRANTED.** |

2

| Document | Portions to Be Sealed | Court Ruling |
|---|---|---|
| | 6:3–4 (filenames) | |
| The Access Log (both the corrected and original versions), *i.e.* Tabs A-K of Exhibit A to the Declaration of Jeff Liang in Support of Preliminary Injunction<br><br>[Dkt. 14-34 (original)]<br>[Dkt. 44-4 (corrected)] | All file paths contained in the ObjectId and SiteUrl columns;<br><br>Select file names highlighted in the SourceFileName column. | Dkt. 14-34 shall be maintained under seal, as it is superseded by Dkt. 44-4 and was not considered by the Court. Sealing of Dkt. 44-4 is **GRANTED** for the reasons explained above. |
| Tesla's Supplemental Brief in Support of Preliminary Injunction<br><br>[Dkt 65-4] | Highlighted portions at ECF pages:<br>4:17 (filename excerpt)<br>5:9 (vendor name and filename) | For the reasons explained above, **GRANTED.** |
| Exhibit A to Declaration of David Lee in Support of Supplemental Brief in Support of Preliminary Injunction<br><br>[Dkt. 65-14] | Highlighted portions at ECF pages:<br>2 (filenames within file paths)<br>3 (filenames within file paths) | For the reasons explained above, **GRANTED.** |
| Exhibit B to Declaration of Angelique Kaounis in Support of Supplemental Brief in Support of Preliminary Injunction<br><br>[Dkt. 65-5] | Highlighted portions at transcript pages:<br>48:9, 11, 14, 16 (employee names)<br>51:20-24 (team structure information)<br>54:13, 25 (reference to team name)<br>74:14, 19 (employee names)<br>134:5-6 (Optimus project detail)<br>217:1, 22 (Optimus project detail)<br>217:25 (vendor name)<br>222:25 (filename excerpt)<br>226:14 (Optimus project detail name and codename)<br>226:25 (Optimus project detail)<br>230:17 (Optimus project detail name)<br>240:9-10, 23 (Optimus project detail)<br>250:5, 16 (employee name) | **GRANTED IN PART** for the reasons explained above, except for 54:13, 54:25, which is **GRANTED** as unopposed and due to its limited public value and impact on the Court's accompanying Order.<br><br>**DENIED** as to 204:24-205:5, 217:8 and 252:16-18 as being information of a sufficiently high level such that competitive or other harm is unlikely to result. However, Tesla need not re-file the transcript at this time. |
| Supplemental Declaration of Prem Pinto in Support of Preliminary Injunction | Highlighted portions at ECF pages:<br>2:24 (file description and codename)<br>3:7 (vendor name and filename)<br>4:1 (filename description)<br>4:2-6 (Optimus project detail) | **GRANTED IN PART** for the reasons explained above.<br><br>**DENIED** as to 3:10- |

| Document | Portions to Be Sealed | Court Ruling |
|---|---|---|
| [Dkt. 65-6] | | 12 as being information of a sufficiently high level such that competitive or other harm is unlikely to result, and as being highly relevant to the Court's opinion and thus of potential interest to the public. |
| Exhibits A-G to the Supplemental Declaration of Prem Pinto in Support of Preliminary Injunction<br><br>[Dkts. 65-7–65-13] | Entire documents | **GRANTED** as entire documents allegedly containing Optimus-hands trade secrets and whose disclosure, other than at a very high level, would endanger the trade secrets therein and inflict competitive harm to Tesla. |
| Declaration of Zhongjie "Jay" Li in Opposition to Tesla's Motion for Preliminary Injunction<br><br>[Dkt. 70-3] | Highlighted portions at paragraphs: 46a.-f (Proception employee names and links to their LinkedIn pages)<br><br>Additional portions at ECF pages:<br>3:4-5 (Tesla employee name)<br>3:5-6 (Tesla employee name)<br>3:6 (Tesla employee name)<br>3:7-8 (team structure information)<br>3:9-12 (team structure information)<br>3:10 (Tesla employee name)<br>3:15 (Tesla employee name)<br>3:20 (Tesla employee name)<br>3:21-22 (team structure information)<br>3:22-24 (employee & intern names)<br>3:24 (Tesla employee names)<br>3:27 (team structure information)<br>4:1 (team structure information)<br>4:2 (sensitive Optimus project detail)<br>4:4 (sensitive Tesla project details)<br>4:11 (Tesla employee name)<br>4:12 (Tesla employee name)<br>4:13 (team structure information)<br>4:16 (Tesla employee names)<br>4:19 (Tesla employee name)<br>4:22 (Tesla employee names)<br>4:22-23 (team structure information)<br>4:23 (Tesla employee name)<br>4:26 (Tesla employee name)<br>5:1 (Tesla employee names)<br>5:9 (Tesla employee name)<br>5:11 (Tesla employee names)<br>5:12 (Tesla employee name) | For the reasons explained above, Defendants motion to seal is **GRANTED.**<br><br>Tesla's motion to seal is **GRANTED IN PART AND DENIED IN PART**. Certain recitations of team structure and Optimus project information are at a sufficiently high level such that competitive or other harm is unlikely to result and, moreover, is highly relevant to the Court's opinion and thus of potential interest to the public. |

| Document | Portions to Be Sealed | Court Ruling |
|---|---|---|
| | 5:18 (Tesla employee name) <br> 5:19-21 (team structure information) <br> 6:1-2 (team structure information) <br> 6:5 (sensitive Optimus project details) <br> 6:9-10 (Tesla employee names) <br> 6:13 (Tesla employee names) <br> 6:15 (Tesla employee names) <br> 8:20 (Tesla employee name) <br> 8:21 (Tesla employee & vendor name) <br> 8:22 (vendor details) <br> 8:23 (vendor details) <br> 8:23 (Tesla employee name) <br> 8:27 (Tesla employee name) <br> 8:28 (Tesla intern name) <br> 9:1 (Tesla intern name) <br> 9:2 (Tesla intern name) <br> 9:7-8 (confidential file title) <br> 9:15 (Tesla employee name) <br> 9:18 (Tesla intern name) <br> 9:23 (vendor details) <br> 10:19 (vendor details) <br> 10:20 (vendor details) <br> 12:17 (vendor details) <br> 12:18 (vendor details) | |
| Defendant's Opposition to Tesla's Motion for Preliminary Injunction <br><br> [Dkt. 71-2] | Portions at **PDF** pages: <br><br> ii:7 (vendor details) <br> ii:18 (vendor details) <br> 3:19 (name of Tesla employee) <br> 3:24-26 (names of Tesla employees) <br> 3:26 (names of Tesla employees) <br> 6:12 (vendor details) <br> 6:16 (title of sensitive Optimus document) <br> 6:16 (vendor details) <br> 6:17 (vendor details) <br> 6:19 (vendor details) <br> 6:20 (vendor details) <br> 6:20 (name of Tesla employee) <br> 6:21 (vendor details) <br> 7:4 (name of Tesla employee) <br> 7:10 (vendor details) <br> 7:11 (vendor details) <br> 7:14 (vendor details) <br> 9:4 (title of sensitive Optimus document) <br> 10:15 (vendor details) <br> 11:25 (Tesla intern name) <br> 16:5 (vendor details) <br> 18:16 (vendor details) <br> 19:13 (Tesla intern name) <br> 20:25 (vendor details) <br> 21:2-3 (vendor details) <br> 21:6 (vendor details) <br> 21:8 (vendor details) <br> 21:10 (vendor details) <br> 21:12 (vendor details) | For the reasons explained above, **GRANTED.** |

| Document | Portions to Be Sealed | Court Ruling |
|---|---|---|
| | 21:15 (vendor details)<br>21:20 (vendor details)<br>21:24 (vendor details)<br>22:15 (vendor details)<br>22:16 (vendor details)<br>22:27 (vendor details)<br>23:11 (name of Tesla employee)<br>23:11 (vendor details)<br>23:15 (vendor details)<br>23:16 (vendor details)<br>24:3 (vendor details)<br>25:15 (vendor details)<br>25:18 (vendor details)<br>26:1 (vendor details)<br>27:22 (vendor details)<br>29:14 (vendor details)<br>29:16 (vendor details)<br>33:22 (vendor details) | |
| Declaration of Jaideep Venkatesan in Opposition to Tesla's Motion for Preliminary Injunction<br><br>[71-4] | Portions at **PDF** pages:<br><br>3:14 (confidential Tesla file name)<br>3:15-17 (sensitive Tesla vendor details)<br>3:19-20 (sensitive Tesla vendor details) | For the reasons explained above, **GRANTED.** |
| Exhibit B to Venkatesan Declaration<br><br>[Dkt. 71-5] | Entire document | The Court did not consider or cite these transcript pages in its accompanying Order, and thus may maintain this discovery document under seal as having little, if any, public value at this time. |
| Exhibit C to Venkatesan Declaration<br><br>[Dkt. 71-6] | Redactions as proposed by Tesla in its amended statement, *see* Dkt. 85-1. | **GRANTED** for the reasons explained above, including because the narrowed redactions are unopposed by Defendants and because the details sought to be redacted are at a much more granular level than the corresponding high-level statements in, *e.g.*, the Opposition. |
| Exhibit D to Venkatesan Declaration<br><br>[Dkt. 71-7] | Entire document | **GRANTED** as entire document allegedly containing Optimus-hands trade secrets and whose disclosure, |

6

| Document | Portions to Be Sealed | Court Ruling |
|---|---|---|
| | | other than at a very high level, would endanger the trade secrets therein and inflict competitive harm to Tesla. |
| Exhibit E to Venkatesan Declaration<br><br>[Dkt. 71-8] | Entire document (LinkedIn Profile) | For the reasons explained above, **GRANTED.** |
| Exhibit F to Venkatesan Declaration<br><br>[Dkt. 71-9] | Redactions as proposed by Tesla in its amended statement, *see* Dkt. 85-2, *except not the following*:<br><br>"actuator w foot,"<br>"Gen w [h]and,"<br>"foot w sensor,"<br>"gen 4,"<br>"gen"<br>"gen 1"<br>"gen4"<br>"4 [h]ands Gen4" | **GRANTED IN PART** for the reasons explained above, including because the narrowed redactions are unopposed by Defendants and because the details sought to be redacted are at a more granular level than the corresponding high-level statements in, *e.g.*, the Opposition.<br><br>However, sealing of a few of the terms herein are **DENIED** as follows, because they are either of a sufficiently high level, have been made otherwise public, or else are highly relevant to the Court's accompanying order and thus of significant public interest. |
| Exhibit G to Venkatesan Declaration<br><br>[Dkt. 71-10] | Redactions as proposed by Tesla in its amended statement, *see* Dkt. 85-3. | For the reasons explained above, **GRANTED.** |
| Exhibits K to Venkatesan Declaration<br><br>[Dkt. 71-11] | Entire document | **GRANTED** as entire document allegedly containing Optimus-hands trade secrets and whose disclosure, other than at a very high level, would endanger the trade secrets therein and inflict competitive harm to Tesla. |
| Exhibits L to Venkatesan Declaration | Entire document | **GRANTED** as entire document allegedly |

| Document | Portions to Be Sealed | Court Ruling |
|---|---|---|
| [Dkt. 71-12] | | containing Optimus-hands trade secrets and whose disclosure, other than at a very high level, would endanger the trade secrets therein and inflict competitive harm to Tesla. |
| Exhibit M to Venkatesan Declaration<br><br>[Dkt. 71-13] | Entire document (LinkedIn Profile) | For the reasons explained above, **GRANTED.** |
| Exhibits N to Venkatesan Declaration<br><br>[Dkt. 71-14] | Entire document | **GRANTED** as entire document allegedly containing Optimus-hands trade secrets and whose disclosure, other than at a very high level, would endanger the trade secrets therein and inflict competitive harm to Tesla. |
| Exhibit O to Venkatesan Declaration<br><br>[Dkt. 71-15] | Entire document | The Court did not consider or cite these transcript pages in its accompanying Order, and thus may maintain this discovery document under seal as having little, if any, public value at this time. |
| Exhibit P to the Venkatesan Declaration<br><br>[Dkt. 71-16] | | **DENIED.** This document is a published research article and, accordingly, is not confidential and may not be maintained under seal. Moreover, in its supporting statement, Tesla does not seek to maintain this document under seal. |
| Exhibit Q to the Venkatesan Declaration<br><br>[Dkt. 71-17] | | **DENIED.** This document is a published research article and, accordingly, is not confidential and may not be maintained under seal. Tesla does |

| Document | Portions to Be Sealed | Court Ruling |
|---|---|---|
| | | not seek to maintain this document under seal. |
| Declaration of Lucas Woodland in Opposition to Tesla's Motion for Preliminary Injunction<br><br>[Dkt. 71-18] | Portions at ECF pages:<br><br>4:21-22 (filename)<br>4:22 (vendor name)<br>4:23 (vendor name)<br>5:1 ((Tesla employee name)<br>5:6, 5:7-8 (filename and employee name visible in image)<br>5:15 (vendor name)<br>5:16-17 (file path and filename)<br>5:24 (vendor name)<br>6:4 (vendor name)<br>6:6 (vendor name)<br>6:16-17, 20-21 (filename and employee name visible in image)<br>7:14 (filename)<br>7:17-23 (filenames and file paths) | For the reasons explained above, **GRANTED.** |
| Exhibit A to the Woodland Declaration<br><br>[Dkt. 71-19] | Redactions as proposed by Tesla in its amended statement, *see* Dkt. 85-3. | For the reasons explained above, **GRANTED.** |
| Tesla's Reply Brief in Support of Preliminary Injunction<br><br>[Dkt. 90-5] | Highlighted portions at ECF pages:<br><br>10:6 (filename)<br>10:19 (filename)<br>10:24 (filename)<br>11:3 (filename)<br>11:8 (filename)<br>11:16 (filename)<br>11:20 (filenames)<br>11, fn. 5 (filenames)<br>12:3 (filename)<br>13:5 (filename)<br>13:7-8 (employee name)<br>13:11, 12, 13 (vendor name)<br>14:11-12 (vendor name) | For the reasons explained above, **GRANTED.** |
| Declaration of Terry Ahearn in Support of Preliminary Injunction<br><br>[Dkt. 90-6] | Highlighted portions at paragraphs:<br><br>3 (employee name) | For the reasons explained above, **GRANTED.** |
| Exhibit A to Ahearn Declaration<br><br>[Dkt. 90-7] | Highlighted portions at ECF page 2 | For the reasons explained above, **GRANTED.** |
| Third Declaration of Prem Pinto in Support of Preliminary Injunction<br><br>[Dkt. 90-9] | Highlighted portions at ECF pages:<br><br>2:26 (filename)<br>3:12 (filename)<br>3:14 (filename)<br>3:16 (filename | For the reasons explained above, **GRANTED.** |

| Document | Portions to Be Sealed | Court Ruling |
|---|---|---|
| Declaration of Sean McDermott in Support of Preliminary Injunction<br><br>[Dkt. 90-8] | Entire document | This document was STRICKEN and, accordingly, the Court did not consider it and may maintain the document under seal. |
| Defendants' Proposed Sur-Reply in Opposition to Tesla's Motion for Preliminary Injunction<br><br>[Dkt. 91-3] | Portions at **PDF** pages:<br>i:5 (name of Tesla employee)<br>1:8 (name of Tesla employee)<br>1:9 (vendor name)<br>1:21 (Tesla employee name)<br>1:23 (vendor name)<br>1:24 (Tesla employee name)<br>1:25 (Tesla employee name)<br>1:26 (Tesla employee name)<br>1:28 (employee name & vendor name)<br>2:1 (Tesla employee name)<br>2:1 (vendor name)<br>2:2 (vendor name)<br>2:3-4 (sensitive Tesla vendor information)<br>2:8 (Tesla employee name)<br>2:9 (vendor name)<br>2:22-23 (filename)<br>2:25 (Tesla employee name)<br>2 n.1 (vendor name, vendor's product name, and vendor website)<br>3:1-2 (filename<br>3:3 (Tesla employee name) | For the reasons explained above, **GRANTED.** |
| Defendants Objection to New Evidence and Argument in Tesla's Reply ISO Motion for Preliminary Injunction [Dkt. 91-2] | Portions at **PDF** pages:<br><br>3:23 (vendor name) | For the reasons explained above, **GRANTED.** |

The Clerk of the Court shall maintain Dkts. 17-4, 14-34, 44-4, 65-4, 65-5, 65-6, 65-7–65-13, 65-14, 70-3, 71-2, 71-4–71-10, 71-11–17, 71-18, 71-19, 90-5–90-9, 91-2 and 91-3 under seal. Additionally, **no later than December 1, 2025**, in accordance with the Court's order above**, Tesla shall file** more narrowly redacted, public versions of Dkts. 65-6 (Supp. Decl. of Prem Pinto), 70-3 (Li Decl.), 71-2 (Defendants' Opposition), 71-9 (Ex. F to the Venkatesan Decl.) and 71-18 (Woodland Decl.). The Clerk of Court shall unseal Dkts. 71-16 and 71-17 in their entirety.

**SO ORDERED.**

Dated: November 14, 2025

_____
SUSAN VAN KEULEN
United States Magistrate Judge